No. 1,882.

## FRUCHEY *v.* EAGLESON, BY NEXT FRIEND.

PLEADING.—*Complaint.*—*Inn.*—*Denial of Equal Accommodations, etc.*—*Statutory Penalty.*—The averment in a complaint in an action under sections 3291–3293, R. S. 1894, to recover the statutory penalty for the denial to plaintiff of the full and equal privileges and enjoyment of the accommodations and facilities of an inn, to the effect that the same were denied plaintiff, is sufficiently specific and need not specify the particular accommodations and privileges denied him.

SAME.—*Complaint.*—*Inn.*—*Statutory Penalty.*—*Proof.*—In such an action, plaintiff need not aver or prove that the meals and lodging applied for were necessaries, although he avers that he was under twenty-one years of age at the time, where the complaint avers that the privileges were refused because he was a negro.

EVIDENCE.—*Agency.*—*Arrangement for Board and Lodging at Inn.* —*Football Teams.*—Evidence that a football team had arranged to entertain another team at a hotel, and that the latter had accepted an invitation from the former to be entertained, is sufficient to establish authority in the manager of the former team to make arrangements with the proprietor of the hotel to entertain a member of the latter team, in connection with evidence that such member acquiesced in the arrangement between the two teams.

INFANT.—*Contract.*—*Agency.*—*Necessaries.*—An infant can bind himself by an agent for necessaries, where he could have bound himself directly.

DEPOSITION.—*Motion to Suppress.*—*When Made.*—A motion to suppress a deposition, for objections appearing on its face, must be made and a decision had before the beginning of the trial, and the overruling of such motion made after commencement of the trial is not error.

TRIAL.—*Ruling on Admission of Evidence.*—*Rule as to Written Instructions.*—*Practice.*—The rule requiring the court to give all the instructions in writing, when so requested, is not violated by announcement of the court's understanding of the law involved, upon making a ruling on the admission of evidence.

INSTRUCTIONS TO JURY.—*Signature of Judge.*—*Record.*—*Appellate Procedure.*—The failure of the trial judge to sign the instructions, given on motion of appellant, is not available to the latter, where

Fruchey *v.* Eagleson, by Next Friend.

there is no claim that the instructions in the record are not identical with those given; as the requirement that the judge must sign the instructions is mandatory only for the purpose of getting the instructions into the record, and if they are improperly in the record, for want of signature, the appellant cannot complain.

SAME.—*Signature of Judge.—Practice.*—The failure of the trial judge to sign instructions given on motion of appellant, is not available error, where no motion was made below to have the instructions signed.

DAMAGES.—*Innkeeper.—Statutory Penalty.*—Recovery in an action under sections 3291-3293, R. S. 1894, providing that any person denying the full and equal enjoyments of the accommodations of an inn to another on account of color or race shall forfeit a sum not to exceed $100.00 to persons aggrieved thereby, is not limited to damages actually proved.

RECOVERY.—*Innkeeper.— Statutory Penalty.— Civil Rights.*—It is not essential to the right of a recovery of the penalty prescribed by sections 3291-3293, R. S. 1894, for the denial of the full and equal enjoyment of the accommodations of an inn, on account of race or color, that a person unlawfully denied entertainment through his agent should have personally applied for and been refused entertainment.

CIVIL RIGHTS.—*Innkeeper.—Denial of Equal Accommodations by Hotel Clerk.—Liability of Proprietor.*—Denial, on account of race or color, of entertainment at a hotel, by the clerk thereof, renders the proprietor liable for the penalty provided by sections 3291-3293, R. S. 1894, which provide a forfeiture to the person aggrieved, for the denial of the full and equal accommodations of an inn on account of race or color.

ARGUMENT TO JURY.—*Misconduct of Advocate.—Interrogatories to Jury.*—It is not such misconduct as amounts to reversible error, for counsel to caution the jury that his opponent has filed interrogatories for them to answer, and that they should be careful to have their answers conform to the verdict.

SAME.—*Misconduct of Advocate.—Interrogatories to Jury,—Practice.*—A statement by counsel that interrogatories were given to them by his opponent to " catch them," will not require a reversal where it does not appear that the trial court was requested to correct the alleged injury done, and that the appellant excepted to the refusal.

From the Montgomery Circuit Court.

*H. D. Van Cleave,* and *I. M. Davis,* for appellant.

*J. B. Wilson,* for appellee.

REINHARD, J.—The appellee brought this action against the appellant, to recover a penalty for an alleged violation of the statute known as the Civil Rights Act. R. S. 1894, sections 3291, 3293 (Acts 1885, p. 76). The first and second sections of said act are as follows:

"Section 1. All persons within the jurisdiction of said State shall be entitled to the full and equal enjoyments of the accommodations, advantages, facilities of inns, restaurants, eating-houses, barber shops, public conveyances on land and water, theaters, and all other places of public accommodations and amusement, subject only to the conditions and limitations established by law and applicable alike to all citizens.

"Sec. 2. Any person who shall violate any of the provisions of the foregoing section by denying any citizen, except for reasons applicable alike to all citizens of every race and color, and regardless of color or race, the full enjoyment of any of the accommodations, advantages, facilities or privileges in said section enumerated, or by aiding or inciting such denial, shall for every such offense, forfeit and pay a sum not to exceed $100.00 to the person aggrieved thereby, to be recovered in any court of competent jurisdiction in the county where said offense was committed, and shall also, for every such offense, be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not to exceed $100.00, or shall be imprisoned not more than thirty days, or both. And, provided, further, that a judgment in favor of the party aggrieved or punishment, or committal upon an indictment, affidavit, or information, shall be a bar to further or other prosecution or suit."

The third section relates to the subject of jurors and their qualifications, and has no bearing upon the questions involved in this case.

A demurrer to the complaint was overruled, and this ruling constitutes the first specification of error.

The complaint alleges, among other things, that appellee is an infant of the age of eighteen years, and appears by his next friend; that he is a negro; that the appellant is the proprietor of a large and commodious inn or hotel in the city of Crawfordsville, in Montgomery county, Indiana; that said inn or hotel is known as the "Nutt House;" that the appellee, on or about the 29th day of October, 1894, applied for lodging and meals at said inn or hotel of the appellant; that at said time the appellee was clean, sober, orderly and well-behaved, and was ready, willing and able to comply with any and all lawful and reasonable rules of said inn or hotel of the appellant; that the appellant seeing and knowing that the appellee was a colored boy and of African descent, wholly failed and refused to entertain or allow him to take lodging or meals at said inn or hotel, giving as a reason, or excuse therefor, that appellee was a negro or colored boy; that appellee, on account of his color, was, by the appellant, refused and denied admission and entertainment at said inn or hotel, and at the time aforesaid, and on account of his color, was denied full and equal privileges and enjoyments of the accommodations, advantages, facilities and privileges of said inn or hotel with other persons; and for no other reason whatever than that he was a colored boy as aforesaid. He demands judgment for $100.00 damages.

The statute above set out is known to be an exact copy of an act of Congress, passed in 1875, and which was, in part at least, declared unconstitutional by the Supreme Court of the United States as legislation not authorized by Congress. *Civil Rights Cases,* 109 U. S. 3. This objection would not be applicable, of course, to such a statute passed by the legislature of a State.

Nor is any attack made upon the constitutionality or validity of the act, and we are consequently relieved of the duty of passing upon any jurisdictional question as preliminary to a determination of the points presented by the record.

It is earnestly insisted that the court erred in overruling the demurrer, and that the complaint is insufficient. It is urged that it should have been stated what were the accommodations, advantages and privileges that were denied the appellee by the appellant.

It is alleged that the "Nutt House" was a large and commodious inn or hotel. The word "inn" has a well-defined meaning. Among the definitions given of the word by the International Dictionary are the following:

"A house for the lodging and entertainment of travelers or way-farers; a tavern; a public house or hotel. As distinguished from a private boarding house, an inn is a house for the entertainment of all travelers of good conduct and means of payment as guests for a brief period, not as lodgers or boarders by contract."

Hence, the charge that the place was an "inn" necessarily implies that it afforded accommodations for the traveling public, such as public hotels and taverns afford, and it was not necessary to specify the accommodations which such hotel possessed and denied to the appellee; the presumption being that they were the ordinary accommodations of boarding, or lodging, or both.

The same is true of the word hotel. It is defined by the same authority as "a house for entertaining travelers," "an inn or public house of the better class." It was, therefore, sufficient to aver that the appellee "was denied full and equal privileges and enjoyments of the accommodations, advantages," etc.,

of said inn or hotel, with other persons. But the aver-
ments do not stop here, for the complaint also alleges
that the appellant failed and refused to allow the ap-
pellee to take lodging or meals at said inn or hotel.
This is sufficiently specific to inform the appellant
what accommodations, it is claimed, the appellee
was deprived of.

The Federal Statute of the same import as our own,
to which we have already referred, was interpreted,
before it was held unconstitutional, as we interpret
this. It was decided not necessary for the plaintiff in
his complaint, in an action under that statute, to aver
anything more than that the place was an inn, "as
that is an ancient English word with a fixed and
definite legal signification, and must be held to be so
used in the statute." Lewis v. Hitchcock, 10 Fed. Rep. 4.

If, as appellant's counsel seem to insist, the appel-
lant might not have been able, on account of lack of
room, or other facilities, to entertain the appellee, this
would be a matter of defense; but it is expressly
averred that appellee was denied these rights and
privileges because he was a negro or colored boy, and,
hence, it could not have been true that he was turned
away for the reason that the appellant was scarce of
room or other accommodations. This defense would,
therefore, have been available under the general
denial.

Appellant's counsel further contend that inasmuch
as the complaint shows the appellee to be under
twenty-one years of age, it was incumbent upon
him to allege and prove that the meals and lodging
applied for were necessaries, etc. The appellant
doubtless had the right to demand payment for his ac-
commodations, in advance, and was not required to
furnish them until satisfactory arrangements had
been made to secure him therein. But it does not ap-

pear from any of the averments of the complaint, that appellee was refused the privileges of the hotel on account of his failure or refusal to prepay his fare. On the contrary, the sole reason for such refusal appears to have been his color. As we said in connection with the other objection to the complaint, if the appellant refused to receive the appellee into his hotel for any other reason than that of his color, this would be a matter of defense, and would probably be available under the general issue. · Moreover, it is alleged that appellee was willing and able to comply with any and all lawful and reasonable rules of said inn or hotel, and this averment, we think, would exclude any supposition that appellee was debarred on account of failing or refusing to comply with such rules or regulations as the appellant had the right to make and did make.

It is true, as appellant's counsel contend, that penal statutes should receive a strict construction, but they should never be construed so as to defeat the objects for which they were enacted. This trite old rule, which the Supreme Court of Pennsylvania says has run into an aphorism, means no more than that acts shall not be brought within the scope of the punishment which the courts may suppose to fall within the spirit of the law, though not within its terms. *Com.* v. *Cooke,* 50 Pa. St. 201.

We have examined the complaint, with reference to all the objections urged against it, and our conclusion is that none of them is well taken.

The overruling of the motion for a new trial is assigned as error. One of the causes assigned in the motion for a new trial, is the overruling of the appellant's motion to suppress depositions. The motion to suppress was based upon the ground that the answers to the questions propounded elicited hearsay testimony

only. The objection does not seem to have been made until the deposition was offered in evidence. Where, as in this case, the objections appear on the face of the deposition, the motion to suppress must be made and a decision had before the beginning of the trial, or it will not be error to overrule such motion. *Newman* v. *Manning*, 89 Ind. 422. The same rule is applicable to other objections to the depositions.

Charles B. Kern, a witness for the appellee, was examined, and testified that he was a student at Wabash College, in Crawfordsville, and was the manager of the Wabash football team, and as such went to the hotel of the appellant and made arrangements for the entertainment of the members of the Indiana University football team, which was to play football on the day when the alleged expulsion is claimed to have occurred, the price of such entertainment and boarding having been previously agreed upon; that the Indiana University team, of which appellee was a member, came to Crawfordsville, as per agreement, but were not entertained at appellant's hotel; that appellee was present at Crawfordsville with said I. U. team. The witness was then asked to state if he had any conversation with the proprietor of the hotel, or anyone acting in his stead as manager of the hotel, concerning the appellee. An objection to this question was interposed by the appellant, for the reason that it had not been shown that the witness on the stand was the agent of the appellee, and duly authorized to go to the proprietor of the hotel in question and make arrangements for his entertainment.

It appears, when all the evidence is considered together, that, on this particular occasion, the Wabash students belonging to the football team of that institution, had arranged to entertain the I. U. team at the

appellant's hotel, and that the latter had accepted an invitation from the former to be so entertained. The appellee, as a member of the I. U. team, appears to have acquiesced in such arrangement and to have been willing, in common with his fellow-students of the I. U. team, to be thus entertained. This, in the absence of any countervailing evidence, sufficiently established an agency. For the purpose of arranging for the entertainment of the I. U. team, the manager of the Wabash team was the agent of the former and of each and every member thereof, and the appellee had a right to prove by him that the appellant's manager or clerk refused to allow the appellee the privilege of eating or lodging in the hotel, because he was a negro. An agency may be established by circumstantial evidence, the same as any other fact in issue may be proved. *Indiana, etc., R. W. Co.* v. *Adamson,* 114 Ind. 282. The testimony objected to was properly allowed to go to the jury. It was proper to prove that the clerk of the hotel refused to extend to the appellee the privileges of the hotel on account of his being a negro.

The suggestion that appellee was incapable, on account of his minority, of appointing an agent is hardly entitled to serious consideration. A minor is liable for such things as are necessary to his support and comfort, comporting with his station in life. *Price* v. *Sanders,* 60 Ind. 310. Nothing appears which goes to show that the accommodations sought by the appellee were not such as he would have been liable for as necessaries; hence, if he could bind himself at all, as we think he could do, he could bind himself by an agent. But this was not the ground of appellant's refusal to admit him to the privileges of the hotel. He could have demanded his pay in advance, as we have already indicated, but he denied the appellee

Fruchey v. Eagleson, by Next Friend.

the privileges of the house because he was a negro, and not because he was a minor or because he refused to pay in advance.

The appellant insists that error was committed by the refusal of the court to strike out of the testimony of the witness Kern, all that he stated concerning the rule of the Indiana Football Association, with reference to expenses for traveling and hotel fare. There was no harmful error in this ruling. The fact that there was somewhere in existence a writing containing this rule, did not, under the circumstances, render it harmful to prove the substance of the rule by parol, together with the fact that the team with which appellee was associated acted under the terms of this rule on the occasion in question. The same may be said of the disposition by the court of the motion to require the appellee to produce the written rule of the Indiana Football Association, according to which the local team pays the expenses of the visiting team, and the manager of the local team makes the arrangements for the visiting team. The court did not commit any reversible error in overruling this motion. The rule in question played a very unimportant part in the testimony. The main thing was that, in this particular instance, the local team did defray the expenses, and Kern, the manager of the local team, did arrange for the entertainment of the visitors, including the appellee. Whether this was done according to a certain rule, or independently of any rule, could not have the slightest bearing upon the result of the trial, and if it had been shown that no such rule existed, the agency could still be proved by showing that Mr. Kern made, or attempted to make, arrangements for the board and lodging of the visitors, by and with their consent. To say the very least,

therefore, there could have been no harm in the court's ruling, and the error, if any, is not such as would warrant us in disturbing the judgment.

Complaint is further made by appellant's counsel, that the court gave to the jury an oral instruction, when the appellant requested that all the instructions be given in writing. If this ruling were shown by the record, to have been made as stated, there would doubtless be reversible error. *Sellers* v. *City of Greencastle*, 134 Ind. 645; *Bradway* v. *Waddell*, 95 Ind. 170. But the record does not sustain the appellant in his complaint. It only shows that during the progress of the trial, and before the court instructed the jury, the court made a ruling upon certain testimony as to agency, in which remark was made, in the presence of the jury, to the effect that the court understood the law to be that a party might make a contract for another party if the latter accepted it, and that if Mr. Kern, after having made arrangements for the appellee to stop at the "Nutt House," had told appellee about it, and the latter accepted and acted upon it, an agency was established.

If we understand appellant's counsel correctly, they insist that because, before the argument began, they requested the court to instruct the jury in writing, and because this statement of the court was equivalent to an oral charge to the jury, it was a violation of the rule above referred to, to-wit: that when the court is requested to instruct the jury in writing, it must give all its instructions in writing. This contention cannot prevail. The court certainly has a right to make a ruling upon the admissibility of testimony, or upon any other question that may arise in the course of the trial, and to give its opinion as to the law governing the same. Sometimes it might be best if such rulings were made or such opinion given in the ab-

sence of the jury, but whether the jury should be temporarily withdrawn or not, at such times, must be left largely to the sound discretion of the trial judge. But we do not think any error has been shown in this instance.

If *nisi prius* judges can be restricted in their rulings, upon questions arising during the progress of the trial, to a bare announcement, either sustaining or overruling the objection interposed, without being permitted to state their understanding of the rule of law applicable to the question in hand, they have indeed ceased to exercise judicial functions, and are reduced to the position of mere umpires or referees. There may be, and doubtless are, instances where judges have abused their authority by improper expressions or statements made in the presence of the jury, but no such abuse has been shown here.

It is also insisted that error was committed because the trial judge failed to sign instructions numbered one and two, given on his motion. We do not see how this omission could have harmed the appellant. There is no claim that the instructions in the record are not identical with those given by the court, and the signature of the judge could not have made them more authentic.

It may be that the requirement that the judge must sign the instructions, is in a sense mandatory. *Silver* v. *Parr*, 115 Ind. 113. But this is so only, we think, for the purpose of getting such instructions into the record. If the instructions referred to are not properly in the record, for the want of the signature of the judge, the appellant is in no position to complain. That objection would come more appropriately from the other side.

If, however, error can be predicated upon the refusal of the court to sign the instructions, we think

the complaining party should insist upon and obtain from the court a ruling upon the subject, either granting or overruling the motion to have the instructions signed; and, in case of a denial, the record should show an exception. This is but fair to the court, as in that case its attention would be specifically directed to the request for signing the instructions, disconnected from any other. The mere omission by the court to sign cannot be taken as an adverse ruling. It does not appear, in the present case, that the court ruled that appellant was not entitled to have the instructions signed, nor was there any exception taken by appellant because the judge omitted to affix his signature thereto.

Appellant requested the court to instruct the jury that "where a wrong has been committed, and that wrong is subject to be punished as a crime, by the statute law, as in this case, the plaintiff cannot recover more damages than he has actually proven, to the amount of $100.00." The refusal of the court to give this instruction is assigned as a cause for a new trial.

While as an abstract legal rule in damage cases, on account of torts of this character, it may be true that only compensatory damages may be recovered, such rule has no application to the case in hand. Where damages are claimed in an ordinary action of tort, the rule is well settled that no punitive or vindictive damages may be assessed if the criminal law would reach the offense. But the case at bar is not an ordinary common law action of tort. Indeed, the entire recovery, if any, may be said to be in the nature of punitive damages. The action is to recover a statutory penalty for a violation of certain statutory provisions, and the right of recovery is based solely upon those provisions, the penalty varying with the aggravation or

enormity of the wrong, rather than according to the amount of pecuniary loss or actual damages sustained by the plaintiff, although the idea of compensation also enters into the law.

Such statutes as the one upon which this action is founded, may be said to be both penal and remedial in their nature. Black Interpretation of Laws, 298. They inflict a penalty, but the penalty inures to the injured party as a recompense for the wrong inflicted upon him by the defendant. There was no error in refusing to give the instruction asked.

The jury's answers to interrogatories are not in conflict with the general verdict. There was therefore no error in overruling appellant's motion for judgment on the answers to the interrogatories, notwithstanding the general verdict. For the same reason, the court did not err in sustaining appellee's motion for judgment on the general verdict.

The evidence fairly supports the verdict. It clearly shows that the appellee was denied the privileges of appellant's hotel because he was a negro, and for no other reason. Had appellant placed his refusal to extend equal hotel privileges to appellee upon the ground that the latter refused to comply with the reasonable regulations of the hotel, or that he was not cleanly or was otherwise an improper person to enjoy such privileges, or to be brought in contact with the other guests of the hotel, the argument of appellant's counsel would be entitled to great weight. But the evidence, so far from establishing these facts, clearly tends to show that appellee was a young man of correct habits, gentlemanly and polite in his deportment, and of much more than ordinary intelligence, being a junior in the State University at the age of eighteen years. Even if, as appellant's counsel contend, the clerk of the hotel agreed to permit appellee to stop

there on condition that he would take his meals in the "ordinary," and away from the other guests, it would be a denial of equal privileges such as the statute contemplates, and the fact of such denial tends to support the averments of the complaint. *Ferguson v. Gies*, 82 Mich. 358. Nor do we think the evidence fails because the appellee, when he learned from the manager of the team that the hotel refused to entertain him upon equal terms with the other members of the team, did not go to the clerk or the manager of the hotel to insist upon his rights. When he learned of the denial to his agent, appellee was not required to repeat the demand for accommodations in person, at the risk of being subjected to additional humiliation. We can not, under well-settled rules, disturb the case on the evidence.

Reference is made, by counsel for appellant, to the cases holding that laws providing for the education of colored children in separate schools are constitutional. *State, ex rel.,* v. *Gray,* 93 Ind. 303; *State, ex rel.,* v. *Grubb,* 85 Ind. 213; *Cory* v. *Carter,* 48 Ind. 327. It is argued from this, that the mere separation of white and colored guests at hotels would not be unlawful. It is certainly strange logic to say that because the Legislature has the power to enact laws looking to the establishment of separate schools for colored children, therefore, the Legislature has no power to provide by law that no discrimination shall be made, by hotels or other public places, between citizens on account of their color or race in the privileges or accommodations afforded by the keepers of such places. The statute, upon which this action is based, was in no wise construed or brought into consideration in connection with the questions settled in the cases cited, and they are in no sense authorities in support of appellant's

contention.  In the cases cited, it was held that school trustees were given the discretion, by statute, to separate the white from the black children, in proper cases, while the statute now under construction expressly denies the right to make any discrimination on account of color or race.

Appellant further contends that the verdict is "contrary to law."  The form of the verdict is criticised, but we think it sufficient.

Nor can there be anything in the objection that as this is a penal statute the violation cannot occur through an agent, such as the manager or clerk of a hotel, acting for the proprietor or owner.  The rule contended for is applicable to criminal cases only, and cannot be invoked in a civil action, though such action be based upon a penal statute.

The rule in such cases is the same as in other cases, where the relation of master and servant subsists.  The master is responsible for the acts of his servant in the course of the master's business.  Thus, in actions for civil damages, under a statute giving a right to such damages against any person or persons who cause the intoxication of the purchaser of intoxicating liquors, in whole or in part, the liability extends to cases where the sale was made by a clerk or agent of the proprietor of the saloon or place in which the liquor was sold, and this is true even if the sale was in direct violation of the express orders of such proprietor.  3 Am. and Eng. Ency. of Law, 258, and cases cited in notes.

It was not such misconduct as amounts to reversible error, that one of appellee's counsel cautioned the jury that appellant's attorney had filed interrogatories for them to answer and that the jury should be careful to have their answers conform to the verdict. The further statement by counsel, that the interroga-

tories were given the jury to "catch them," was, perhaps, improper and should have been so decided by the court, but the appellant is not for that reason alone entitled to a reversal. It does not appear that the court was requested to correct the alleged injury done, and that the appellant excepted to the refusal. *Chicago, etc., R. R. Co.* v. *Champion*, 9 Ind. App. 510.

This disposes of all the questions presented by the record. We find no reversible error.

Judgment affirmed.

Filed March 4, 1896 ; petition for rehearing overruled April 17, 1896.