## Cox v. Cohn et al., Executors, etc.

[No. 4,082.   Filed October 9, 1902.]

APPEAL AND ERROR.—*Evidence.*—The Appellate Court will not reverse a cause on the weight of the evidence. *pp. 560, 561.*

SAME.—*Trial.*—*Misconduct of Counsel.*—No question is presented on appeal as to the alleged misconduct of counsel in argument, where the record does not disclose that the court was called upon to rule on the question upon objection being made by appellant. *p. 561.*

SAME.—*Trial.*—*Evidence.*—*Exceptions.*—Available error can not be predicated upon the action of the court in sustaining an objection to a question propounded to a witness, where no statement was made as to what testimony the witness would give in answer to the question. *p. 562.*

From Putnam Circuit Court; *P. O. Colliver*, Judge.

Proceeding by Daniel Cohn and others, executors of the last will of Nicholas Schultz, deceased, against Alva Cox and another for partition of real estate. From a judgment for petitioners Alva Cox appeals. *Affirmed.*

*J. P. Allee*, for appellant.

*S. A. Hays*, for appellees.

WILEY, C. J.—Appellees, as executors of the last will and testament of Nicholas Schultz, deceased, filed their petition in the court below to sell certain real estate in pursuance to a provision of the will. Appellant Cox, who was

an occupant of the land, and Angeline Ocher a legatee under the will, were made parties defendant. The petition alleged that Cox was an occupant of the real estate and claimed to have some interest therein, but that said claim was fictitious and unfounded. Cox answered in two paragraphs: (1) A general denial; and (2) averring that he was in possession of the real estate under a lease from the decedent, and that said lease did not terminate until October 1, 1901. Angeline Ocher answered by a general denial. Upon the trial of the cause the court made a general finding in favor of the executors, and directed the sale of the land. The evidence shows that the decedent died August 20, 1900, and that subsequent to his death appellant sowed some twenty acres of wheat on the real estate in controversy. The evidence also shows that appellant had been a tenant of the deceased, and as such had been in possession of the real estate for more than a year prior to the testator's death. The term of his tenancy expired in October, 1900, unless it was extended by a contract between him and the testator some time prior to his death. As to whether there was such a contract, is the controlling question in the case.

The only error assigned is the overruling of the motion for a new trial. Appellant's motion for a new trial is based upon four grounds: (1) and (2) That the decision is not sustained by sufficient evidence, and is contrary to law; (3) misconduct of the attorney for appellees in his closing argument; and (4) alleged error of the court in refusing to permit the appellant to testify as to certain facts.

As to the right of the executors to sell the real estate, in pursuance to the directions of the will, there is no contention. The point of contention on the part of appellant is that the court was not justified, under the facts disclosed by the evidence, to decree that the executors were entitled to immediate possession of the real estate, and that appellant had no right or interest therein, except as to the twenty acres of wheat which he had sown. His rights as to such

Cox v. Cohn.

wheat were fully protected by the decree. As to whether his tenancy expired in October, 1900, or whether he was entitled to hold another year from that time under a contract with the testator, are questions upon which there is a sharp conflict in the evidence. It can not be reconciled upon any reasonable hypothesis. The evidence submitted to the trial court would have warranted a finding either for or against appellant upon the affirmative matter of his second paragraph of complaint. There was some evidence which tended to support his allegation, that he had contracted with the decedent to occupy the land, as tenant, from October, 1900, to October, 1901. There was also some evidence which fully sustained appellees' contention, that the term of his tenancy expired October, 1900, and that he was holding over without right. Upon these disputed questions of fact we can not pass. The trial court heard the evidence, weighed it, and reached the conclusion that appellant's tenancy had expired, and that he was not entitled to the possession of the real estate. Following the rule so firmly established in this State, we can not disturb a finding by the trial court where there is evidence from which the facts found may have been fairly drawn.

The third reason assigned for a new trial is the alleged misconduct of appellees' counsel in his final argument to the court. Counsel is charged with having made statements to the court of certain admissions made to him by appellant, concerning which no evidence had been adduced. The record does not show that there was any argument in the cause. The motion sets out, in substance, the statement complained of, and that appellant objected and excepted to such statements. There is no record of any ruling by the court upon the objections made. The record failing to disclose that the trial court was called upon to rule on the question upon objections being made by appellant, the latter is not entitled to have the question considered upon its merits,

*Reed* v. *State,* 141 Ind. 116, and authorities there cited. See, also, *Houk* v. *Branson,* 17 Ind. App. 119; *Fruchey* v. *Eagleson,* 15 Ind. App. 88; *Currier* v. *State,* 157 Ind. 114.

Appellant's fourth reason for a new trial is based upon the action of the court in refusing to let him testify as to the length of time he had been occupying the real estate in controversy as the tenant of the deceased. If it be conceded that he was a competent witness,—which is controverted by appellees, but upon which we express no opinion,—there was no reversible error in the ruling, for the reason that there was no controversy about the question, and it was conceded that he had occupied the premises for a stated period. But there is another reason why the ruling of the court can not be reviewed. Counsel for appellant asked him this question: "How long have you been in possession of that?" (meaning the real estate in controversy). Objection was interposed and sustained. This was a pertinent question, and, an objection having been made and sustained, before it could be available on appeal, it was necessary for counsel to have stated to the court what testimony the witness would have given in answer thereto. *Higham* v. *Vanosdol,* 101 Ind. 160; *Beard* v. *Lofton,* 102 Ind. 408; *Illinois, etc., R. Co.* v. *Cheek,* 152 Ind. 663; *City of Huntington* v. *Burke,* 21 Ind. App. 655; *Deal* v. *State,* 140 Ind. 354; *Hinshaw* v. *State,* 147 Ind. 334.

From the whole record it appears that the trial court reached the correct conclusion, and we do not find any reversible error. Judgment affirmed.