BOREN v. SCHWEITZER.

[No. 9,434. Filed October 31, 1917.]

1. CONTRACTS.—*Parol Evidence.—Admissibility.—Agency of Party to Contract.*—In an action for breach of contract, plaintiff may show by parol evidence that the other signer acted, in the execution of the contract, as defendant's agent, although it was not indicated in any way either by the contract or signature, since in contracts other than negotiable instruments and those under seal, parol evidence is admissible to charge the real principal, although executed in the name of the agent and nothing appears to show that he is not the principal. p. 477.

2. APPEAL.—*Review.—Presumptions.—Evidence. — Instructions.* —Where the evidence is not in the record, it will be presumed on appeal that the instructions given were applicable to the evidence, and they will not be held erroneous unless they would be so under any supposable state of facts which might have been given in evidence. p. 478.

From DeKalb Circuit Court; *Dan M. Link*, Judge.

Action by Anthony D. Schweitzer against Ida A. Boren. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Edgar W. Atkinson*, for appellant.

*Gatten & Stump*, for appellee.

BATMAN, J.—Appellee in this action filed his complaint against appellant to recover damages for the breach of an alleged contract between them. The contract in question, on its face, purports to be a contract between appellee and one William G. Boren, whereby the latter rented to the former certain real estate for

farming purposes. It was filed with the complaint and made a part of the same as an exhibit. The complaint alleges that appellant was the owner of the real estate described in the contract in suit; that the contract was entered into on January 9, 1915, by and between appellee and appellant, by and through her husband, William G. Boren, acting as her agent, whereby appellant leased said real estate to appellee for the year ending March 1, 1916; that subsequently to the execution of the contract appellant ratified, affirmed and adopted the contract, and assured appellee that it would be carried out in good faith; that appellee had at all times been ready, willing, and able to perform the terms, conditions, and covenants of the contract to be by him performed, but that appellant had failed to perform the covenants and agreements of the contract to be by her performed, in this, that she had failed, neglected, and refused to deliver possession of said premises to appellee, or to comply with any of the terms and agreements of the contract; that by reason thereof appellee had been damaged in the sum of $500, for which he demands damages. To this complaint appellant filed her demurrer for want of facts, on the ground, as stated in the memorandum filed therewith, that "the complaint and exhibit therein show that the defendant never entered into a contract with the plaintiff as therein alleged, but that it was the contract of a third person." This demurrer was overruled and appellant excepted. Appellant filed an answer in general denial, and three affirmative paragraphs, the contents of which are not material for the determination of the questions before us. The issues were closed by a reply in general denial; and trial was had by jury, resulting in a verdict for appellee for $60 and judgment accordingly.

Appellant filed her motion for a new trial on the following grounds: (1) The court erred in admitting in

evidence plaintiff's exhibit "A," being the contract signed by plaintiff and one William G. Boren, and in no manner indicating in said contract that said William G. Boren signed such contract as agent, or in any other capacity than that of principal. (2) The court erred in giving instructions numbered 1 to 11 inclusive on its own motion and in giving each of them. (3) The court erred in giving instructions numbered 1 to 4 inclusive, asked and tendered by the plaintiff, and in giving each of them separately and severally. This motion was overruled and appellant duly reserved an exception. The errors relied on by appellant for reversal are the actions of the court in overruling appellants' demurrer to the complaint, and in overruling her motion for a new trial.

The result of this appeal turns on the sole question as to the right of appellee to show by parol evidence that William G. Boren was the agent of appel-

1. lant in the execution of the contract in suit, and that he executed the same on behalf of his principal, notwithstanding the fact that there was nothing in the contract or the signature thereto indicating that it was the contract of appellant. Our conclusion is that such evidence is admissible. It appears to be well settled that in contracts other than negotiable instruments and those under seal, parol evidence is admissible to charge the real principal in such contract, although it is executed in the name of the agent and nothing appears to indicate that he is not the principal therein. Tiffany, Agency (2d ed.) 233, 234; 1 Mechem, Agency §1176; 2 Id. §§1713-1716, 1733; 31 Cyc 1659; 1 Am. and Eng. Ency. Law 1055; *Lerned* v. *Johns* (1864), 9 Allen (Mass.) 419; *Byington* v. *Simpson* (1883), 134 Mass. 169, 45 Am. Rep. 314; *Briggs* v. *Partridge* (1876), 64 N. Y. 357, 21 Am. Rep. 617; *Brady* v. *Nally* (1896), 151 N. Y. 258, 45 N. E. 547; *Wm. Lindeke Land*

*Co.* v. *Levy* (1899), 76 Minn. 264, 79 N. W. 314; *Texas Land, etc., Co.* v. *Carroll & Iler* (1885), 63 Texas 48; *Huntington* v. *Knox* (1851), 7 Cush. (Mass.) 371. The following cases decided by the Supreme Court of this state are in accord with the rule above stated. *Roehl, Admr.,* v. *Haumesser* (1888), 114 Ind. 311, 15 N. E. 345; *Tewksbury* v. *Howard* (1894), 138 Ind. 103, 37 N. E. 355. It therefore follows that the court did not err in overruling appellant's demurrer to the complaint, or in admitting in evidence the contract in suit.

Appellant also bases error on the action of the court in giving certain instructions, but has failed to bring the evidence given on the trial into the record.

2. Under such circumstances it is well settled that instructions given by the court will not be held erroneous, unless they would be erroneous under any supposable state of facts given in evidence. *McDonald* v. *State* (1909), 172 Ind. 393, 88 N. E. 673, 139 Am. St. 383, 19 Ann. Cas. 763; *Indianapolis Traction, etc., Co.* v. *Ripley* (1910), 175 Ind. 103, 93 N. E. 546; *Schuster* v. *State* (1912), 178 Ind. 320, 99 N. E. 422; *Michigan, etc., R. Co.* v. *Farrell* (1912), 52 Ind. App. 603, 99 N. E. 1026. An application of this rule renders such alleged errors unavailing, as it will be presumed that the instructions given were applicable to the evidence, since it is not in the record. *People's State Bank* v. *Ruxer* (1906), 38 Ind. App. 420, 78 N. E. 337; *Abney* v. *Indiana, etc., Traction Co.* (1907), 41 Ind. App. 53, 83 N. E. 387.

We find no available error in the record. Judgment affirmed.

NOTE.—Reported in 117 N. E. 526. Contracts for undisclosed principals, 55 Am. St. 916. See under (1) 17 Cyc 710.