## SOUERS v. ZEIGLER.

[No. 10,295.   Filed March 17, 1920.]

1. SALES.—*Breach of Contract.—Complaint.—Sufficiency.* — A complaint that alleges a purchase of mules, to be tried out by buyer and returned if not satisfactory to purchaser as being sound and good workers, the trial of the mules thereunder, the ascertainment that they were neither sound nor good workers nor satisfactory to the purchaser, the return of the mules, their value, and the refusal of seller to accept the mules or refund the price paid, states a cause of action for breach of contract, and does not sound in rescission. p. 89.

2. PLEADING.—*Pleading Sufficient But Indefinite Remedy by Motion, Not Demurrer.—Contracts.*—In an action for breach of contract, where the complaint states facts sufficient to repel a demurrer, the remedy for insufficient allegations of the nature and particulars of the breach is by motion to make more specific. p. 89.

3. APPEAL.—*Modified Instruction.—Statute Not Followed.—Modification Disclosed by Record.—Evidence Not in Record.—Harmless Error.*—When the evidence is not in the record, and where in its absence, the Appellate Court is unable to say that the giving of a requested instruction, as modified by the court, was harmful, though such action of the court, being a failure to follow the mandate of §561 Burns 1914, Acts 1907 p. 652, was error, it is not ground for reversal. p. 89.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Clarence Zeigler against Ethan E. Souers. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*George M. Eberhart* and *Sumner Kenner,* for appellant.

*Fred H. Bowers* and *Milo N. Feightner,* for appellee.

NICHOLS, C. J.—The complaint in this cause is in three paragraphs, the first being for money due and unpaid; the second, for moneys had and received; and the third, in substance, that: On March 1, 1917, appellant turned over to appellee a span of mules at an agreed consideration of $475 conditioned on appellee trying said mules and keeping the same for a reasonable time to ascertain if they were sound in body and limb and good workers, and, if not so, appellee was to have the right to return them to appellant and receive back the money. Appellee tried the mules and found that they were not sound in body and limb and were not good workers, and returned them to appellant, pursuant to the contract, and appellant accepted them and turned over to appellee another span of mules, with the agreement that if they were satisfactory appellee and appellant were to agree upon the price to be paid therefor, the same to be paid by appellant retaining from the money that had been paid to him the value agreed upon. It was agreed as to the second span that they were to be sound in body and limb and good workers, and they were so warranted by appellant and, failing to be such, appellee was to have the right to return them. Such second span were not sound in body and limb and not good workers, and not satisfactory to appellee and were not worth over $250. They were returned to appellant and appellee requested appellant to return said $475, but appellant refused to accept the mules and to return the money, or any part thereof. There is a demand for judgment in

the sum of $250 as the amount held by appellant in excess of the value of the mules.

A demurrer to this complaint was overruled. There was an answer in denial, the cause was submitted to a jury for trial, and there was a verdict for appellee in the sum of $175. After motion for a new trial, which was overruled, this appeal is prosecuted. Appellant assigns as error the ruling of the court in overruling the demurrer to the third paragraph of complaint and in overruling appellant's motion for a new trial.

Appellant contends that appellee attempts to state by his third paragraph of complaint a cause of action upon the theory of breach of warranty, and also upon the theory of rescission of contract. We do not so construe the third paragraph. The attempt upon the part of appellee to return the mules was not by way of rescission, but was in accordance with the terms of the contract as alleged. We think the 'third paragraph of complaint states a cause of action for damages for the breach of a contract, and that the demurrer thereto was properly overruled. If the facts stated in the complaint were not sufficiently alleged to show the nature and particulars of the breach, appellant's remedy was by motion to make the complaint more specific. §343a Burns' Supp. 1918, Acts 1917 p. 176; *Brower* v. *Nellis* (1892), 6 Ind. App. 323, 33 N. E. 672; *Starkey* v. *Starkey* (1894), 136 Ind. 349, 36 N. E. 287; *Grand Trunk, etc., R. Co.* v. *State* (1907), 40 Ind. App. 695, 82 N. E. 1017; *Clow* v. *Brown* (1898), 150 Ind. 185, 199, 48 N. E. 1034, 49 N. E. 1057.

Under the second error assigned appellant presents the action of the court in modifying instruction No. 8 tendered by appellant and given as modified. Such instruction as tendered by the appellant was as follows: "It may be stated as a general proposition of law that a man who buys or trades for an arti-

cle of personal property, in the absence of fraud, cannot avoid his contract on the ground that he paid too much for the article, for if he has had an opportunity to examine the same and the seller practiced no deception then the buyer is bound to pay the purchase price."

This instruction was modified by adding thereto the following statement: "But this rule does not apply where the property is warranted to be good for a special purpose. Then the buyer is not bound unless the property is as good as warranted."

Section 561 Burns 1914, Acts 1907 p. 652, provides that, if the court shall modify an instruction requested, the instruction as modified shall be written out at full length and shall be given as one of the instructions given by the court of its own motion, and the instruction as requested shall be refused. It was error for the court to fail to follow the mandate of this statute, but in the case of *Illinois Surety Co.* v. *Frankfort Heating Co.* (1912), 178 Ind. 208, 97 N. E. 158, this case being relied upon by appellant, it was held that where the record discloses the modifications of instructions requested, the appellant was not harmed by such modifications. We are unable to say, in the absence of the evidence, which is not in the record, that the giving of instruction No. 8 as modified was harmful to appellant. *Boren* v. *Schweitzer* (1917), 65 Ind. App. 475, 117 N. E. 526; *Kilgore* v. *Gannon* (1916), 185 Ind. 682, 114 N. E. 446, L. R. A. 1917E 530. No other questions are presented. Judgment affirmed.