## WOODS *v.* KOGA ET AL.

[No. 13,409.   Filed May 31, 1929.   Rehearing denied October 8, 1929.
Transfer denied December 4, 1929.]

*Edmund Craig,* for appellant.

*Posey T. Kime* and *James H. Meyer,* for appellees.

McMAHAN, C. J.—Appellees recovered judgment against appellant on account of alleged fraud in the exchange of real estate. The only questions attempted to be presented by appellant relate to the failure of the court to indicate, before instructing the jury, by a memorandum in writing, at the close of the instructions requested by appellant and also by appellees the instructions so requested which would be given and which would be refused, and the failure of the court to sign such memorandum.

The separate requests of appellant and of appellees that the court give certain instructions, the requested instructions, and the instructions given by the court on its own motion, and the alleged action of the court in failing to make and sign memoranda indicating which of the tendered instructions would be given and which would not be given, are attempted to be made a part of the record in this court by means of the original bill of exceptions which is signed by a judge *pro tempore* who did not try the cause. The bill of exceptions incorporating the evidence and the bill of exceptions containing the instructions were presented to the judge *pro tempore* in the absence of the regular judge who tried the case,

and in the absence of the lawyers for appellees, and were immediately approved and signed by the judge *pro tempore*, and then filed with the clerk, without the knowledge of appellees or their lawyers. Appellees criticise the action of the judge *pro tempore* in signing these bills in their absence and in the absence of the trial judge, but it is not necessary for us to comment upon that matter.

An examination of the record in this court discloses that the clerk of the trial court, in making up the transcript on appeal, has included therein the original bill of exceptions containing the evidence and the original bill of exceptions containing the instructions. But there is no law in this state authorizing the clerk to embody in the transcript on appeal any original paper except the bill of exceptions containing the evidence. *Mitchell, Exr., v. Beissenherz* (1922), 192 Ind. 587, 135 N. E. 885. On authority of this case, we hold that the bill of exceptions relating to the instructions is not in the record, and that no question is presented relative to the action of the court in failing to make and sign the memoranda at the close of the tendered instructions.

If the bill of exceptions containing the instructions were in the record, the judgment would have to be affirmed for another reason. Assuming this bill of exceptions is in the record, it appears that appellant, acting under §377 of the Code, §587 Burns 1926, and before the beginning of the argument, tendered to the court certain instructions in writing, with a signed request that the court indicate before argument such as would be given, by writing opposite each instruction the words, 'given," "given as modified by the court," or "refused," and that the court lay before the parties any instructions which the court on its own motion would give the jury. Appellees, at the same time, tendered certain instructions with like requests. The court fully complied with said

requests, and, before the beginning of the argument, indicated which of the instructions so tendered by each of the parties would be given and which would be refused, and also laid before the parties all the instructions which the court would give. The court did everything it was requested to do, and all it was required to do by said section.

Appellant having proceeded under said §377 of the Code, the trial court had a right to assume that if either party desired to except to the giving or the refusing to give any of the instructions, such party would proceed to take and preserve his exceptions under §378 of the Code, §585 Burns 1926, which requires exceptions to be taken by a memorandum on the margin or at the close of each instruction, and which memorandum must be dated and signed by the judge. Under this section, exceptions must be taken before the verdict is returned. *Roach* v. *Cumberland Bank* (1916), 60 Ind. App. 547, 111 N. E. 320. In order to save an exception taken under this section, the instructions must be filed in order to make them a part of the record. *Indianapolis, etc., R. Co.* v. *Ragan* (1909), 171 Ind. 569, 86 N. E. 966; *Glasser* v. *Jones* (1918), 68 Ind. App. 192, 120 N. E. 44. The instructions were filed, and they were also brought into the record below by a bill of exceptions. Appellant, before the beginning of the argument, knew which instructions were to be given and which had been refused. When the jury had been instructed and had retired for deliberation, he knew that the instructions, with the memoranda of the court indicating which had been given and which had been refused, had been filed, and that, under the statute under which he had made his requests and under which he was proceeding, he had to take his exceptions before the return of the verdict. He failed to take any exceptions under this statute, and, without informing the court that he desired to take and reserve

exceptions under §586 Burns 1926, Acts 1907 p. 652, and without making any motion or request that the court, before instructing the jury, by memorandum in writing at the close of the instructions requested, indicate those which would be given and those which would be refused, asks that the cause be reversed because of the failure of the court to do a thing it was not requested to do, and where no exception was taken to any act of the court. To reverse a trial court under such circumstances for failing to do a thing which it was not requested to do, and when no exception was taken to such failure, would be unfair to the trial court. The court did everything appellant requested it to do. It indicated which of the tendered instructions would be given and which would be refused by the marginal memoranda, as requested by the parties and as required by statute. At the request of the parties, the court, before argument, laid before the parties all instructions which the court would give, thus affording them an opportunity during the argument to read the instructions to the jury as the law. Under §586, *supra,* the court was not required to indicate *before the argument* which instructions tendered would be given or which would be refused. The requirement of this section is that the court shall, before *instructing* the jury, make a memorandum at the close of the instructions *so requested* indicating the number of those to be given and of those to be refused. This section did not require the court to give any information before instructing the jury as to what instructions the court would give on its own motion. Under this section, the memorandum showing which of the requested instructions are to be given and which are to be refused must be signed by the judge before the jury is instructed. Under §587, *supra,* the memoranda must be made before the beginning of the *argument.*

A failure of the court, when requested, to follow §586,

*supra,* is error, but we cannot agree with appellant that such failure is necessarily reversible error. See *Illinois Surety Co.* v. *Frankfort Heating Co.* (1912), 178 Ind. 208, 97 N. E. 158; *Sauers* v. *Zeigler* (1920), 73 Ind. App. 87, 126 N. E. 483.

Appellant, by his request, required the court to indicate before argument which of his tendered instructions would be given, by writing opposite or immediately following each, "given," "refused," or "given as modified," as the court might decide. The court was not, by that request, required to make a further memorandum at the close of the instructions tendered stating which had been given and which had been refused. One indication of the intention of the court was sufficient and was all the court was required to do; appellant is in no position to complain because of the court's failure to go further and do something the request did not ask or require it to do.

If a party desires to take and save an exception under §586, *supra,* he should take steps to see that the court makes the proper memorandum at the close of the instructions tendered by each party. If he desires to take an exception under this section to instructions given by the court on its own motion, he must take steps to have the court make the proper memorandum at the close of such instructions. *Fruchey* v. *Eagleson* (1895), 15 Ind. App. 88, 43 N. E. 146.

Judgment affirmed.