### REICH et al. v. MARYLAND CASUALTY CO.

#### (Supreme Court, Appellate Term. June 6, 1907.)

1. INSURANCE—BURGLARY—PROOF OF LOSS—REQUIREMENTS OF POLICY.

Where a burglary insurance policy required that the proof of loss should be in writing, duly subscribed and certified to by the assured, etc., the failure of the assured to comply with this condition of the policy would defeat his recovery.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1320.]

2. SAME—ACTIONS—ISSUES AND PROOF—WAIVER OF PROOF OF LOSS.

In an action on a burglary insurance policy containing certain requirements concerning the proof of loss by the assured, where the complaint alleged that plaintiffs performed all the conditions on their part contained in the policy, testimony of a waiver of the requirements of the policy as to proof of loss by the company was inadmissible.

3. APPEAL—OBJECTIONS IN TRIAL COURT—SUFFICIENCY—SUFFICIENCY OF EVIDENCE.

In an action on a burglary insurance policy, the objection to the insufficiency of the proof of loss was sufficiently raised by defendant's two motions to dismiss and its objection to the evidence.

Appeal from City Court of New York, Trial Term.

Action by Samuel D. Reich and another against the Maryland Casualty Company. From a judgment for plaintiffs, and an order denying defendant's motion for a new trial, it appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Frederick E. Fishel, for appellant.

Abr. A. Joseph, for respondents.

GILDERSLEEVE, P. J. The action is brought to recover the value of certain personal property, which plaintiffs claim to have lost by burglary, and against which loss defendant had insured plaintiffs to the amount of $1,000. The thieves, or at least two of them, were

caught in the act, pleaded guilty, and were sent to the reformatory. It is claimed by plaintiffs that there was a third thief, who escaped. At the time of the capture the burglars had a large quantity of goods packed up, and some were left on the stairways and in the hall. Those which the police found thus scattered around they took to the station house, and subsequently returned them to plaintiffs; but plaintiffs claim that the goods sued for were not among those returned and have been missing since the burglary. Defendant is only liable for the goods that were lost to plaintiffs solely through the act of the burglary. The theory of plaintiffs' case is that the third burglar, either alone or with the aid of the other two, got the goods out of the building somewhere, and plaintiffs have never been able to find them. The defendant claims that all the stolen goods have been returned to plaintiffs. The jury found for plaintiffs. Defendant appeals on the grounds (1) that the verdict is against the weight of evidence; (2) that plaintiffs did not comply with the terms of the policy in respect to proof of loss; and (3) that there are errors in the rulings on the admissibility of evidence.

The question whether the goods sued for were stolen was a question of fact for the jury under all the evidence, and there seems to be sufficient testimony to show that the goods were in plaintiffs' place of business when it was closed up the night of the burglary, and that, when stock was taken the next day, after the return of the goods taken by the police, the goods in suit were missing. The evidence is uncontradicted that the police returned all they took, and the inference, perhaps, is reasonable that the missing goods were lost to plaintiffs through the act of the burglary, for which loss defendant is responsible within the limit of the insurance. Clause 2, however, of the agreements contained in the policy, requires that the proof of loss shall be—

"in writing, duly subscribed and certified to by the assured, and shall set forth a particular account of the manner in which the loss occurred, the date of its occurrence, a statement in detail of the articles taken or damaged, including as particular an account as may be reasonably practicable of the cost price of each article taken or damaged and the cash market value of the same at the date of loss, a statement clearly defining the assured's interest in the articles or property for which the loss or damage is claimed, a statement in detail of other concurrent or similar insurance, if any, on the property insured, and of the purpose for which and the persons by whom the premises herein were occupied at the time of the loss."

The complaint alleged that "plaintiffs performed all the conditions on their part contained in said policy." This allegation is denied in the answer. On the trial no evidence was offered of such performance, as Exhibit D cannot be regarded as proof of loss within the requirements of the policy; but plaintiffs seem to rely upon an alleged waiver of this condition in the policy. There seems to be no sufficient evidence of any such waiver, and, in any event, testimony tending to establish such waiver was not admissible under the pleadings, as the complaint alleges performance, not waiver, which allegation of performance is denied in the answer. Victors v. National Provident Union, 113 App. Div. 715, 99 N. Y. Supp. 299; Garlick v. Metropolitan Life Ins. Co., 109 App. Div. 175, 95 N. Y. Supp. 645. The provision as to proof of

loss in the policy is a material requirement, as compliance therewith affords defendant an opportunity of making its own appraisal, based on the cost price and market price of the articles stolen. The policy, it may further be pointed out, provides that defendant—

"shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by furnishing the said blank, or by any act taken in connection with the investigation of any claim."

It was, apparently, in connection with such investigation that the so-called waiver is alleged to have taken place.

The objection of an insufficiency of proof here indicated was sufficiently raised by defendant's two motions to dismiss and its objections to the evidence. It is unnecessary to discuss the numerous alleged errors urged by appellant on this appeal, as the failure of plaintiffs to establish their allegation of performance calls for a reversal of the judgment.

The judgment and order are reversed, and a new trial granted, with costs to appellant to abide the event. All concur.