## VICTORS v. NATIONAL PROVIDENT UNION.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

1. INSURANCE—ACTION ON BENEFIT CERTIFICATE—ISSUES.

Where, in an action on a benefit certificate, plaintiff alleged full performance on the part of insured, evidence to establish a waiver of full performance was inadmissible.

2. STIPULATIONS—CONSTRUCTION.

Where, in an action on a benefit certificate, plaintiff alleged full performance on the part of insured, a stipulation that each party reserved any "right" to show waiver did not authorize the admission of evidence to show a waiver of full performance by insured.

Appeal from Trial Term, Kings County.

Action by Abby Victors against the National Provident Union. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, and RICH, JJ.

Edward S. Peck, for appellant.

Edwin Louis Garvin, for respondent.

RICH, J. This action was brought by plaintiff, as assignee under a benefit certificate issued by defendant to Henry Victors, deceased. In his complaint the plaintiff alleged full performance on the part of insured:

"That said Henry Victors at all times performed all the duties incumbent upon him as a beneficiary member of said corporation, and at all times promptly paid all dues and assessments as provided in and by the laws, rules, and regula-

tions of said corporation, and has otherwise complied with all the requirements thereof, and performed all the conditions on his part."

This allegation was denied by defendant. Upon the trial plaintiff offered evidence, which was received over defendant's objection and exception, for the purpose of establishing a waiver on the part of defendant of full performance as a condition precedent to a recovery. It appears that deceased had failed and neglected to pay his premiums as required by defendant's rules, and was suspended from membership, and at the time of his death had not been reinstated. The verdict was directed by the learned trial court upon the theory that defendant had waived the right to insist upon actual reinstatement of the deceased after his suspension, although the laws of defendant required this to be done. We think the admission of evidence tending to establish a waiver was error. The issue presented by the pleadings was whether insured had complied with the rules and laws of defendant, not whether defendant had waived compliance with them, and defendant had a right to insist that the action be tried upon the issues presented by the pleadings.

The stipulation to which our attention is called does not help the plaintiff. It cannot be regarded as an amendment, or as in any way changing the issues. "Each party expressly reserves any right it may have to show at the trial a waiver," etc. Neither party had a right to introduce evidence of a waiver. None is given by the stipulation. We cannot say that it will be impossible for plaintiff to establish a cause of action under a proper pleading, and a new trial ought therefore to be granted.

Judgment reversed, and new trial granted; costs to abide the event. All concur.