## MUNCIE AND PORTLAND TRACTION COMPANY
## *v.* HALL ET AL.

[No. 21,266. Filed October 28, 1909.]

1. APPEAL.—*Instructions.— Filing.— How Shown.—* Instructions given or refused, which are merely ordered filed and made a part of the record without a bill of exceptions, are not a part of the record unless there is an order-book entry showing the actual filing thereof. p. 97.

2. TRIAL.—*Permitting Jury to Have Award of Damages.—Eminent Domain.—Interurban Railroads.—*Refusing to permit the jury to

take into the jury room the award of damages made by the appraisers in an interurban railroad condemnation proceeding, is not prejudicial to the company, where the amount of damages is the only question involved. p. 97.

3. TRIAL.—*Interrogatories.*—*Duplication.*—It is not erroneous to refuse to submit a requested interrogatory to the jury, where a similar one has already been propounded. p. 97.

4. TRIAL.— *Interrogatories.*— *Alternative.*— Harmful error is not shown by the trial court's refusal to submit an interrogatory, the answer to which was conditioned upon a negative answer to the preceding one, where the preceding one was answered affirmatively. p. 98.

5. TRIAL.— *Interrogatories.*— *Items of Damages.*— Interrogatories concerning items of damage to be included in the general verdict are improper. p. 98.

6. TRIAL.— *Interrogatories.*— *Double.*— Interrogatories must be single and call for a single material fact. p. 98.

From Jay Circuit Court; *John F. LaFollette,* Judge.

Condemnation proceeding by the Muncie and Portland Traction Company against John W. Hall and others. From the judgment rendered, petitioner appeals. *Affirmed.*

*Frank H. Snyder* and *Whitney E. Smith,* for appellant.
*Smith & Moran,* for appellees.

Monks, J.—This proceeding was brought by appellant, to condemn a right of way for its railroad across appellees' real estate, under §§929-940 Burns 1908, Acts 1905, p. 59, Acts 1907, p. 306.

Appellee John M. Hall filed exceptions to the assessment of damages in his favor, on the ground that the same was "inadequate." A trial of said cause resulted in a verdict in favor of said appellee, and, over a motion for a new trial, judgment was rendered thereon against appellant.

The error assigned calls in question the action of the court in overruling appellant's motion for a new trial. The giving of certain instructions requested by appellee Hall, and the refusing to give certain instructions requested by appellant, are assigned as causes for a new trial.

Appellees insist that the record does not show that the instructions refused or the instructions given at the request of appellee Hall were ever filed, as required by statute, and that therefore they are not a part of the record and cannot be considered or reviewed on this appeal, citing *Indianapolis, etc., R. Co.* v. *Ragan* (1906), 171 Ind. 569. The record in this case is substantially the same as the record in the case cited, as to the filing of instructions, and upon the authority of that case, we hold that the instructions given at the request of appellee and the instructions requested by appellant and refused by the court are not a part of the record, and cannot be considered.

Appellant contends that the court erred in overruling its motion "to send with the jurors, upon their retirement for deliberation, the award of damages made by the appraisers." The only question submitted to them was the amount of appellees' damages. It has been held by this court that the trial court may permit the jurors to take with them the pleadings in a cause, when they retire to their room for deliberation. 2 Woollen, Trial Proc., §4173, p. 955, and cases cited; *McKaig* v. *Jordan* (1908), 172 Ind. 84, and cases cited; *Tridell* v. *Munhall* (1903), 124 Fed. 802, 803. See, also, Abbott, Trial Briefs (Civil Jury Trials) (2d ed.), pp. 477-483; 2 Thompson, Trials, §§2582, 2593. It is evident, however, even if said award was a pleading in the case—a question we need not decide—that appellant was not prejudiced in any of its substantial rights by the action of the court in not allowing the jury to have said award during its deliberations. Among the causes for a new trial, was the refusal of the court to submit to the jury interrogatories five, nine, ten and twenty-two, requested by appellant.

Interrogatory five was properly refused, because it was covered by another interrogatory which was answered by the jury.

Interrogatory ten, which the court refused to submit to the jury, only required an answer, if the jury answered interrogatory nine, "No." As the jury answered said interrogatory nine "Yes," the error, if any, in not submitting interrogatory ten to the jury, was harmless, because, if submitted, the jury would not have been required, by its terms, to answer it.

There was no error in refusing to submit interrogatories twenty-one and twenty-two to the jury, because they did not require the finding of any fact involved in the issues, but only whether the jury assessed any damages on account of certain matters mentioned in said interrogatories, and included the same in the general verdict, and to give the amount thereof. In other words, they were asked to specify some of the items of damages. *Skillen* v. *Jones* (1873), 44 Ind. 136, 150; *Cleveland, etc., R. Co.* v. *Miller* (1905), 165 Ind. 381, 389; *Ohio, etc., R. Co.* v. *Judy* (1889), 120 Ind. 397, 400, 401; *Keller* v. *Gaskill* (1898), 20 Ind. App. 502, 513; *Southern Ind. R. Co.* v. *Moore* (1904), 34 Ind. App. 154, 158, 159.

The action of the court in refusing to submit said interrogatories twenty-one and twenty-two was proper, for the further reason that each of them contained two questions, and did not, as required by statute, "present a single material fact involved in the issues." *Rosser* v. *Barnes* (1861), 16 Ind. 502, 504; *Pope* v. *Branch County Sav. Bank* (1899), 23 Ind. App. 210, 212; *Van Hook* v. *Young* (1902), 29 Ind. App. 471, 475.

Finding no available error, the judgment is affirmed.