## The Union Fraternal League v. Sweeney.

[No. 22,804. Filed February 4, 1916.]

1. Insurance.—*Action on Policy.*—*Pleading.*—*Averment of Performance.*—*Waiver.*—In an action on a policy of insurance, under an averment of full performance of all the conditions required to be performed by plaintiff, proof of waiver by the defendant is competent and will be deemed as the equivalent of proof of performance. p. 381.

2. Insurance.—*Life Insurance.*—*Action.*—*Fraud.*—*Waiver of Proof of Death.*—Where an insurer denies liability on a life policy on the ground of fraud in procuring the policy, a defense on the ground of failure to supply by affidavit proof of death of the insured is waived. p. 382.

NOVEMBER TERM, 1915.    379

Union Frat. League *v.* Sweeney—184 Ind. 378.

3. APPEAL.—*Review.*—*Complaint.*—*Amendment Deemed Made.*— Where the complaint on a life policy might have been amended to conform to the evidence of waiver, the admission of such evidence without such amendment, even were it under such circumstances inadmissible, would not authorize a reversal in view of §700 Burns 1914, §658 R. S. 1881, and the court would deem the amendment to have been made. p. 382.

4. APPEAL.—*Review.*—*Instructions.*—The refusal of an instruction that plaintiff in an action on a life insurance policy must prove full compliance of a certain condition by a preponderance of the evidence, and the giving of the same modified so as to advise the jury that plaintiff could not recover unless a compliance or waiver was shown, was not error. p. 382.

5. APPEAL.—*Review.*—*Instructions.*—An instruction in an action on a policy of life insurance was not objectionable as assuming that a waiver of the conditions as to proof of death was shown, in view of undisputed evidence showing such waiver by the denial of liability on the ground of fraud in procuring the policy. p. 383.

From Clark Circuit Court; *Harry C. Montgomery*, Judge.

Action by Katie B. Sweeney against The Union Fraternal League. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Thomas K. Brock* and *James L. Bottorff*, for appellant.

*James W. Fortune*, for appellee.

MORRIS, C. J.—Action by appellee against appellant on a policy of insurance for $1,000, issued by appellant on the life of appellee's husband, and payable to appellee. Appellant answered the complaint in three paragraphs, the first of which was a general denial. The second and third denied liability because of alleged fraud in procuring the policy. There was a trial by jury, and verdict and judgment for appellee. Appellant assigns error on the overruling of its motion for judgment on the jury's answers to interrogatories submitted, and

overruling its motion for a new trial. There is no irreconcilable conflict between the general verdict and the facts specially found.

Appellant contends that there is reversible error disclosed by the court's instructions to the jury. The complaint alleges in general termst hat appellee performed all the conditions of the contract which were therein required of her to be performed, but makes no reference therein of the waiver by appellant of the performance of any condition. One of appellant's rules, constituting a part of the contract, reads as follows:

> "All claims for death benefits shall require the affidavits of the claimant, attending or family physician, undertaker, friends or such others (or such of them) as are clearly necessary to establish the claim, and said affidavits shall be upon the forms of blanks furnished by the board of trustees, and are required to be fully answered, and until full proof be received as required, the order shall not be bound to take any action upon the claim."

The evidence shows that there was not a strict compliance with the above condition. The proof submitted to appellant contained neither an affidavit by appellee nor one by the attending physician. Before the filing of appellant's answers it denied liability on the policy and tendered to appellee the full amount of assessments or premiums paid. The tender was refused, and thereupon appellant paid the sum tendered to the clerk of the circuit court for appellee's benefit.

By its requested instruction No. 4 appellant requested the court to inform the jury that the provisions of the rule we have set out must be fully complied with, and that unless it is shown by a preponderance of the evidence that there was such com-

NOVEMBER TERM, 1915.                381

Union Frat. League *v.* Sweeney—184 Ind. 378.

pliance appellee could not recover. The court refused to give the instruction as requested, but modified it so as to inform the jury that there could be no recovery unless a compliance or waiver,. was shown. As modified, the instruction was given.

1. Appellant earnestly contends that as no waiver was pleaded, and full performance was averred, a recovery can not stand on proof of waiver of a condition precedent. Section 376 Burns 1914, §370 R. S. 1881 reads as follows: "In pleading the performance of a condition precedent in a contract, it shall be sufficient to allege, generally, that the party performed all the conditions on his part. If the allegation be denied, the facts showing a performance must be proved on the trial." The question here presented has been considered by various courts, and while the holdings are not entirely harmonious, we believe the greater weight of authority supports the proposition that under a declaration of performance proof of waiver by defendant is competent and will be deemed as the equivalent of proof of performance. *West Rockingham Mut. Fire Ins. Co.* v. *Sheets* (1875), 26 Grat. (Va.) 854; *Taunton Bank* v. *Richardson* (1827), 22 Mass. 436, 444, citing 2 Starkie, Evidence 274; *Butterworth* v. *Western Assur. Co.* (1882), 132 Mass. 489; *Berliner* v. *Travelers Ins. Co.* (1898), 121 Cal. 451, 53 Pac. 922; *American Life Ins. Co.* v. *Mahone* (1878), 56 Miss. 180; *Eureka Fire, etc., Co.* v. *Baldwin* (1898), 17 Ohio C. C. 143; *Nickell* v. *Phoenix Ins. Co.* (1898), 144 Mo. 420, 46 S. W. 435; *Burgess* v. *Mercantile, etc., Ins. Co.* (1905), 114 Mo. App. 169, 89 S. W. 568. See, *contra*, *Anders* v. *Life Ins. Clearing Co.* (1901), 62 Neb. 585, 87 N. W. 331; *Fidelity, etc., Co.* v. *Gate City Nat. Bank* (1895), 97 Ga. 634, 25 S. E. 392, 54 Am. St. 440, 33 L. R. A. 821; *Victors* v. *National Provident*

382          SUPREME COURT OF INDIANA,

Union Frat. League v. Sweeney—184 Ind. 378.

*Union* (1906), 113 App. Div. 715, 99 N. Y. Supp.
299. In *West Rockingham Mut. Fire Ins. Co.* v. *Sheets*,
*supra*, 874, it was said by the Virginia court: "When
the plaintiffs say in their declaration that they have on
their part performed all the conditions of the policy
of insurance and have violated none of its prohi-
bitions, of course, they mean such as were not
waived by the defendant. Such as were waived,
are, in effect, as if they had never been inserted in
the contract."

The evidence here without objection or dispute,
shows that while there was not full compliance with
the provisions of the contract relating to proof
2.    of death, appellant denied any liability what-
ever because of alleged fraud, and tendered to
appellee the premiums paid and kept the tender
good.   Where there is a denial of liability because of
fraud in procuring the policy, a defense on the ground
of failure to supply, by affidavit, proof of death of the
insured, is waived. *Aetna Ins. Co.* v. *Shryer* (1882),
85 Ind. 362.   Section 700 Burns 1914, §658 R. S.
1881, forbids a reversal of a judgment be-
3.    cause of an imperfection in a pleading which
might have been amended in the court be-
low to conform to the evidence.   This complaint
might have been amended below to conform to the
evidence of waiver, admitted without objection,
and this court would deem it so amended, even if it
were of the opinion that proof of waiver, if objected
to, would have been inadmissible under the allega-
tion of performance.   *Noble* v. *Davison* (1912),
177 Ind. 19, 96 N. E. 325; *Indiana Ins. Co.* v.
*Pringle* (1899), 21 Ind. App. 559, 52 N. E. 821.

We are satisfied that no reversible error was
4.    committed in refusing the instruction ten-
dered, or in giving it as modified.   Appellant
urges the same objections against instruction No. 2

given by the court, and further contends 5. that in giving the instruction the province of the jury was invaded by assuming that the evidence showed that appellant waived proof of the insured's death. While we think appellant's counsel do not correctly construe the instruction, yet, if the same be open to the charge that it assumes that a waiver was proved, appellant can not complain, because the undisputed evidence shows that such proof was waived by denying any liability on the contract, because of fraud. There is no error in the record. Judgment affirmed.

NOTE.—Reported in 111 N. E. 305. As to proof of death, see 52 Am. St. 564. For a discussion of the denial of liability on an insurance policy on one ground as waiver of other grounds of defense, see 20 Ann. Cas. 438. See, also, under (1) 25 Cyc 923; (2) 25 Cyc 886; (3) 3 Cyc 444; (4) 38 Cyc 1720; (5) 38 Cyc 1667.