GLOBE LIFE INSURANCE COMPANY OF ILLINOIS
*v.* MILLER.

[No. 14,335.   Filed April 9, 1932.]

*Herbert T. Johnson, Arthur W. Fulton* and *Joseph F. Sheen,* for appellant.

*George Hershman* and *Ray C. Hedman,* for appellee.

NEAL, J.—Appellee instituted this action in the court below against appellant to recover as beneficiary in a life insurance policy upon the life of one Stanley Chudy. The complaint alleges the execution of a policy of insurance by appellant whereby the life of Stanley Chudy was insured for $2,000; the payment of the premium; the designation of appellee as the sole beneficiary; the death of Stanley Chudy on May 6, 1930; the notification to appellant of the death of Chudy; the denial of liability by the appellant as of date of May 8, 1930; the subsequent notification of the death of the insured on July 11, 1930; proof of death; demand for payment and its refusal. The complaint also avers "that said Stanley Chudy and this plaintiff have duly performed all the conditions of said policy on their part to be by them performed." A copy of the policy so issued by appellant was attached to the complaint and marked Exhibit A.

Appellant demurred to the complaint, which demurrer was overruled. It then filed answer in seven paragraphs and a supplemental answer. Appellee addressed a demurrer to the second paragraph of answer, which demurrer was sustained by the court. Inasmuch as the ruling on the demurrer to the answer is one of the errors assigned and such error is fully presented by appellant, we set out the second paragraph of answer in full as follows: "The defendant, for a second and further paragraph of answer to plaintiff's complaint, alleges that the insured Stanley Chudy, in his preliminary application for said insurance policy in question

No. 26, was asked to name the beneficiary of the policy and that he named and designated as said beneficiary Edith Miller, whom he designated as his "sister," who was then 45 years of age and resided at 4944 Baring Avenue; that if the insured intended to name and designate the plaintiff as the beneficiary in said policy, said statement that the beneficiary was the sister of appellant was false; that said representation was material to the risk and was made for the purpose of inducing the defendant to rely thereon and that the defendant did rely on said representation, that, had the defendant known that it was the purpose and intention of the applicant to name and designate the plaintiff as the beneficiary in said policy, who is not related to the applicant and insured, it would not have issued said policy on the life of the insured; that by reason of said false representation of said insured in his said application the policy sued upon is void and of no effect."

Trial was had before a jury, which returned a verdict for plaintiff (appellee herein). Judgment rendered in accordance with the verdict. Motion for new trial overruled, exception thereto, hence this appeal. The overruling of the motion for a new trial is assigned as error and presents the following causes: (1) Error in the assessment of the amount of recovery, in this, the amount is too large; (2) the verdict of the jury is not sustained by sufficient evidence; (3) the verdict is contrary to law; (4) error in the refusing to give each of the instructions numbered 1, 2, 5, 6 and 7 tendered by defendant and refused, also error in the giving of each of the instructions numbered 1 to 12 by the court on its own motion.

The demurrer was rightfully sustained. The fact that the insured designated "Edith Miller, sister of the insured" as the beneficiary, when she was not in fact the sister of the insured, cannot be considered as a mate-

rial false representation so as to make void the policy of insurance. Neither can it be construed as a warranty. The statement "sister of the insured" could add nothing to the gravity of the risk, neither could it lessen the same. *Standard Life, etc., Ins. Co.* v. *Martin, Admr.* (1892), 133 Ind. 376, 33 N. E. 105; *Supreme Lodge, etc.,* v. *Hutchinson* (1892), 6 Ind. App. 399, 33 N. E. 816. Our examination of the authorities discloses that the weight of authority sustains the view that a statement in an application for insurance as to the relationship of a proposed beneficiary is to be regarded as intended merely for identification, as mere *descriptio personae,* in the absence of statute, or the constitution or the by-laws of the insurer limiting the possible beneficiaries that may recover to a certain class. See *Metropolitan Life Ins. Co.* v. *Olsen* (1923), 81 N. H. 143, 123 Atl. 576, 32 A. L. R. 1472, 1475, and authorities therein cited and note.

We proceed to the alleged error in overruling the motion for a new trial and the causes therein stated. A resumé of the evidence favorable to appellee discloses the following material facts: The beneficiary had lived in East Chicago for 30 years; the insured, Stanley Chudy, also lived in East Chicago, and the beneficiary (appellee herein) had known the insured for 25 years; that, for over two years prior to his death, Stanley Chudy was boarding at the house (restaurant) of appellee; that Chudy was dead; that appellee attended his funeral and that the corpse which she viewed was that of Chudy; that Chudy, just prior to his going to the Poor Farm, sent for this appellee; that he handed her the policy and said it was for what she had done for him during his illness; that appellee had never heard of the insured, Stanley Chudy, having a sister; that her name was Edith Miller when the policy was

handed her by Chudy; that appellee was keeping a restaurant at the time the policy was issued and that the insured was, at that time and had been for over two years, boarding in appellee's restaurant; that the insured made application for the policy in appellee's place of business; that, at the time the insured executed the application, he informed the agent of appellant that he had no wife or other relatives except the lady over in the restaurant; that she was his sister and that he owed her money and for her interest he made appellee the beneficiary; that the insured, at the time, pointed out to the agent of appellant, the appellee, as the person whom he had designated as beneficiary; that, on or about May 8, 1930, the appellee called at the office of appellant and informed its superintendent of the death of Chudy; that she had the policy of insurance so executed by Chudy and exhibited the same; that appellee was informed by the superintendent that if he had known she (appellee) was not the sister of Chudy, he never would have written the policy of insurance; that, on or about May 29, 1930, appellant, through its agent, called upon appellee at her place of business in East Chicago and tendered her a check of the following tenor: "Chicago, Ill. May 29, 1930—No. 9998 Pay to the order of Edith Miller the sum of $70 and 82 cts.— $70.82 Claim Pol. No. 77897A—Stanley Chudy, 4944 Baring Ave., East Chgo, Ind. When properly signed and endorsed, payable at 'Ret. Prem. Sick when ins.' S. Krawczyk. L. Foreman State National Bank—Wm. J. Alexander, Sec., Pase Barry Dietz, Pres." On the back of the check was the following: "Endorsement of this check should be made by the payee or payees in the exact manner as described on its face. This check is hereby accepted in full payment of the within mentioned account and endorsement of payee shall operate as a receipt and release accordingly. If this check

is not presented at the bank on which it is drawn within thirty days from date hereof it is voidable at option of maker"; that appellee refused to accept the check so tendered; that the agent had with him a release to be executed by appellee, which he also tendered to appellee and which she refused to sign; that the appellant paid to the clerk of the court below $70.82, which was tendered to and refused by appellee.

Appellant contends that the complaint alleged that the insured and the appellee "have duly performed all the conditions of said policy on their part to be performed by them"; that to the complaint was an answer of general denial; that it was necessary for appellee to prove that she had furnished appellant with proof of the death of the insured before she was entitled to recover; that proof of waiver of a condition precedent is not sufficient to entitle the appellee to a recovery herein. In the case of *Union Frat. League* v. *Sweeney* (1916), 184 Ind. 378, 111 N. E. 305, the Supreme Court, by Morris, C. J., said: "The question here presented has been considered by various courts, and while the holdings are not entirely harmonious, we believe the greater weight of authority supports the proposition that under a declaration of performance proof of waiver by defendant is competent and will be deemed as the equivalent of proof of performance. . . . Where there is a denial of liability because of fraud in procuring the policy, a defense on the ground of failure to supply . . . proof of death of the insured, is waived." Under the facts of the instant case, appellant waived proof of death of the insured by its denial of liability. See, also, *Ohio Farmers Ins. Co.* v. *Vogel* (1905), 166 Ind. 239, 243, 76 N. E. 977, 3 L. R. A. (N. S.) 966, 117 Am. St. 382, 9 Ann. Cas. 91. The verdict is sustained by sufficient evidence and is not contrary to law.

Under the cause that the assessment of the amount of recovery is too large, appellant contends that the jury, in arriving at its verdict, allowed "interest from the date of death" of the insured, which interest was in the sum of $70; that the principal amount of the policy was not due until "receipt of due proofs of the death of the insured and the interest of the claimant"; that there is no evidence that those proofs were ever made. As heretofore stated, denial by an insurance company of the validity of a policy of insurance and of all liability thereunder, waives all right to claim want of notice or proof of loss. *Penn Mut. Life Insurance Co.* v. *Norcross* (1904), 163 Ind. 379, 72 N. E. 132; *United States, etc., Ins. Co.* v. *Clark* (1908), 41 Ind. App. 345, 83 N. E. 760. The policy in the instant case contained the provision that it "agrees to pay said sum at the home office immediately upon the receipt of due proofs of the prior death of the insured and of the interest of the claimant." The evidence discloses that the company denied that the policy was ever in force, and, in this case, the company's liability having been established, it cannot now claim the benefit of the provision in the policy with respect to notice and due proof of death of the insured. See *New York Life Ins. Co.* v. *Slowcomb* (1922), 284 Fed. 810; *Home Ins. Co.* v. *Roll* (1920), 187 Ky. 31, 218 S. W. 471; *I. H. Lawrence & Son* v. *Merchants, etc., Aid Soc.* (1925), 277 S. W. Mo. App. 588. No error, therefore, is available to appellant under this cause for a new trial.

The record in the instant case does not disclose that the instructions given and those refused were ever filed. In order to save an exception for review pursuant to §§584 and 585 Burns 1926, it is mandatory that it must appear from the record that the instructions were, in fact, filed. *Indianapolis, etc.,*

*R. Co.* v. *Ragan* (1909), 171 Ind. 569, 86 N. E. 966; *Muncie, etc., Traction Co.* v. *Hall* (1909), 173 Ind. 95, 89 N. E. 484; *Woods* v. *Koga* (1929), 90 Ind. App. 401, 166 N. E. 601. The record in the instant case discloses a state of facts identical with those set forth in the case of *Indianapolis, etc., R. Co.* v. *Ragan, supra,* except in this case there is no order-book entry to the effect, "And now all the instructions given and those refused by plaintiff and refused by the court, together with all the exceptions thereto, are by the court ordered filed and made a part of the record in this cause without a bill of exceptions"; neither does the record contain an order-book entry as set forth in the case of *New York, etc., R. Co.* v. *First, etc., Savings Bank* (1926), 198 Ind. 376, 153 N. E. 761; neither were the instructions made a part of the record by a separate bill of exceptions. We conclude that the several alleged errors in the giving and refusal to give the several instructions are not before us.

Judgment affirmed.