AMERICAN BENEFIT LIFE ASSOCIATION *v.* HALL

[No. 14,596.   Filed April 27, 1933.]

*French Clements,* for appellant.

*Craig & Mitchell,* for appellee.

KIME, P. J.—This was an action by appellee on an amended complaint in one paragraph seeking benefits for injuries caused by accident, on a policy of insurance issued by appellant.   The appellant answered by general denial and that appellee was not totally disabled as defined by Article 21 of the policy.   A general denial to this second paragraph of answer closed the issues.   Trial was had by a jury.   A directed verdict was asked by appellant

which motion was overruled. A verdict for $224.72 was returned. A motion for a new trial was filed which set out 25 causes, only four of which are presented here. They were: (1) Error in assessment of recovery, in that it was too large; (2) Verdict not sustained by sufficient evidence;. (3) Verdict contrary to law; .(4) ˙Error in refusal to direct the verdict. The motion for a new trial was overruled and the judgment was rendered on the verdict. The error assigned here is the overruling the motion for a new trial.

The evidence discloses that appellee was injured and that he was totally disabled for a period of eight weeks. The appellant contends that appellee was not totally disabled as attempted to be defined by Article 21 of the policy.

The construction of this article is the main duty of this court. The appellant contends that this article is a definition of total disability and the appellee contends that it is an attempt to limit the evidence a court can hear and hence void as against public policy.

Another question is also raised as to whether or not; when purported proofs of loss are received and retained without rejection, and liability is denied on such claim, further proof of loss is waived.

Article 21 is as follows: "Article 21. CONFINING SICKNESS OR ACCIDENT INDEMNITY.

"If the Insured shall through violent, external and accidental means, or, if the Insured shall through sickness, independently and exclusively of all other causes, become totally disabled, the Company will pay indemnity at the rate of twenty-five dollars ($25.00) per week, beginning the eighth day after the commencement of such total disability and a like sum for each full successive week during the continuance of such total disability; provided, however, that the only evidence of such total disability or the continuance thereof admissible in any

action against the Company at law or in equity shall be proof of the actual, immediate, continuous and necessary confinement of the Insured within any building used as a dwelling and/or a hospital for not less than two full successive weeks and (but not 'or') the actual necessary professional attendance on the Insured at his place of confinement by a legally licensed physician at least once every third day during the continuance of such total disability and such proof shall be the conclusive and only test of such total disability or the continuance thereof."

What the insurance company was evidently trying to do here was to define what "total disability" as used in the policy was to be as between the parties. The method they employed is contrary to public policy. Courts for centuries have been gradually working to establish what evidence may be admissible under certain circumstances. For years the rule has been that any evidence relative to the issues and competent under the general rules of evidence is admissible in an action on an insurance policy. 14 R. C. L. 1438; 33 C. J. §835.

If it were otherwise there could be no settled rule of evidence and every contract would of necessity have to provide what rules of evidence could be used in any suit on such contract. It is far better for the courts to make the rules of evidence for all cases as it is only by such method that any uniformity can be attained and any degree of certainty assured.

The Supreme Court of Michigan reasoned as follows: "Courts will not permit the course of justice, upon trials before them, to be stipulated or contracted in such manner as to defeat the ends to be subserved by such trials. The parties to the contract cannot agree to oust the courts of jurisdiction over such contract. The operation of this clause, requiring direct and positive proof, in many cases would, in effect, preclude the court from

jurisdiction and bar a recovery. If they can make this agreement, they can also stipulate that the evidence must come from certain persons, or make any agreement they see fit, controlling and directing the course of proceeding upon the trial. They may contract in relation to a condition precedent before bringing suit, or in relation to anything going to the remedy, but not to the right of recovery itself. Wood, Ins. (2d ed.) §456, p. 1011. Circumstantial evidence is regarded by the law as competent to prove any given fact; and sometimes it is as cogent and irresistible as direct and positive testimony." *Utter* v. *Travelers' Insurance Company* (1887), 65 Mich. 545, 32 N. W. 812, 816, 8 Am. St. Rep. 913.

"The evidence was sufficient, within the rules of law; and the language of the policy cannot be construed to take the case out of the ordinary rules of evidence." *Reynolds* v. *Equitable Accident Ass'n* (1890), 49 Hun. 605, 59 Hun 13, 1 N. Y. Supp. 738, and affirmed in 121 N. Y. 649, 24 N. E. 1091.

The Supreme Court of the United States, in *Travelers Ins. Co.* v. *McConkey* (1888), 127 U. S. 661, 8 S. Ct. 1360, 1363, 32 L. Ed. 308, uses this language: "The contention that direct and positive proof must be made of death having been caused by external, violent, and accidental means, *did not* deprive the plaintiff, when making such proof, of the benefit of rules of law established for the guidance of courts and juries in the investigation and determination of facts."

As to the question of whether or not one who alleges in a complaint that he has performed all the conditions of the policy, may under such an allegation, prove waiver of one or more of the conditions of the policy, we believe that this is definitely and positively settled in *Union Fraternal League* v. *Sweeney* (1916), 184 Ind. 378, 111 N. E. 305, 306, where our Supreme Court speaking through Morris, C. J., said:

"Appellant earnestly contends that, as no waiver was pleaded, and full performance was averred, a recovery can not stand on proof of waiver of a condition precedent. Section 376, Burns 1914, §370, R. S. 1881, reads as follows: 'In pleading the performance of a condition precedent in a contract, it shall be sufficient to allege, generally, that the party performed all the conditions on his part. If the allegation be denied, the facts showing a performance must be proved on the trial.' The question here presented has been considered by various courts, and, while the holdings are not entirely harmonious, we believe the greater weight of authority supports the proposition that under a declaration of performance proof of waiver by defendant is competent, and will be deemed as the equivalent of proof of performance. (Citing authorities). In *West Rockingham Mut. Fire Ins. Co.* v. *Sheets* (1875), 26 Grat. (Va) 854, p. 874, it was said by the Virginia Court: 'When the plaintiffs say in their declaration that they have on their part performed all the conditions of the policy of insurance and have violated none of its prohibitions, of course, they mean such as were not waived by the defendant. Such as were waived are, in effect, as if they had never been inserted in the contract.' "

Finding no reversible error the judgment of the Vanderburgh Probate Court is affirmed and it is so ordered.