ABRAHAM LINCOLN LIFE INSURANCE COMPANY
*v.* MOORE, ADMR.

[No. 15,220.  Filed June 1, 1936.  Rehearing waived July 7, 1936.]

*McDonald & McDonald, Hays & Hays, Alonzo C. Owens, J. Olias Vanier* and *John S. Taylor,* for appellant.

*Embree & Baltzell,* for appellees.

WIECKING, J.—In December, 1899, the decedent Mary E. Moore became the holder of a life insurance contract in the sum of $2,000, issued by the Supreme Court of Honor. Some years later the liability under such contract was assumed by the Springfield Life Insurance Company of Springfield, Illinois, and about February 14, 1931, the appellant assumed the liability under such contract by a contract of merger and reinsurance with the Springfield Life Insurance Company. At the time of such assumption of liability, the appellant company, by its letter to policyholders, said: "This change will not affect you or the status of your policy or certificate in the least. . . . You may pay your premiums as you have in the past, to the same collector or remit to the Home Office as has been your practice, . . ." The evidence in

.the record discloses that the rules of the Supreme Court of Honor, to which the decedent was subject, provided that the monthly premiums on her contract were due on the 1st day of each calendar month and if not paid on or before the last calendar day of the month, her contract should stand suspended and that all interest of herself or any beneficiary should cease unless she were subsequently reinstated. The record evidence further shows that many times during the lifetime of the decedent's policy her premiums were received and credited by the carrying company after the last day of grace provided for in the contract. During the years for which a record of payments was introduced, prior to the contract being assumed by the appellant, many payments were received and credited after the expiration of the period of grace. The premium due September 1, 1932, was sent to the appellant by a post office money order dated October 1, 1932, and received by the company some time before October 5, 1932. On the last date the appellant returned the money order to the decedent, refusing to accept it on account of being paid too late, and enclosed a blank application for reinstatement. The decedent had the application for reinstatement filled in, signed it and on October 7, 1932, sent it to the appellant with her check for the proper amount. On October 20, 1932, the appellant notified the decedent that her application for reinstatement had been rejected and that her policy had lapsed for non-payment of premiums.

The decedent Mary E. Moore then filed her action in one paragraph against the appellant for damages for the wrongful cancellation of her policy. During the time the action was pending below and before trial was had, the original plaintiff died and the appellee was substituted as plaintiff. The appellant filed a motion to make the complaint more specific, which motion was overruled by the court and appellant then filed a demurrer to the

complaint which was also overruled. The appellant then filed an answer in two paragraphs; the first in general denial; the second, an affirmative answer, pleading the cancellation of the contract on account of failure to perform a condition precedent by paying premiums when due. To this second paragraph of answer the appellee filed three paragraphs of reply, the first in general denial and the second and third paragraphs being affirmative replies pleading a waiver of such condition precedent and estoppel. To these two paragraphs of affirmative reply the appellant demurred, which demurrer was overruled by the court. The cause was submitted to a jury for trial and resulted in a verdict in favor of appellee in the sum of $2,087.45. The appellant seasonably filed its motion for new trial which was overruled after appellee remitted $197.91 from the amount of the verdict as returned by the jury and judgment was entered for the appellee and against the appellant in the sum of $1,889.54. A term time appeal was prayed and granted and appellant now prosecutes its appeal assigning as error and discussing in its brief: (1) that the court erred in overruling its motion to make the complaint more specific; (2) that the court erred in overruling its demurrer to the complaint; (3) that the court erred in overruling its demurrer to the appellee's second and third paragraphs of reply; and (4) that the court erred in overruling appellant's motion for new trial on the grounds (a) that the verdict is not sustained by sufficient evidence, (b) that the damages assessed by the jury are excessive, (c) that the court erred in giving or refusing to give certain instructions, and (d) that the court erred in permitting certain exhibits to be introduced and read in evidence.

The questions raised by the first three assignments of error may well be considered together, as they present a single question. The complaint in this action, after

setting out the execution of the contract and the assumption of the contract by the appellant, then alleged as follows:

> "The plaintiff further says that she accepted the benefits of such Contract of Merger and Reinsurance, *and has fully performed all of the terms and conditions of said policy and contract of insurance, and of the constitution, laws, rules and regulations therein referred to;* that the defendant is in possession of said constitution, laws, rules and regulations and that the plaintiff does not have a copy of the same, and therefore is unable to set out a copy as a part of this paragraph; but that on, to-wit, the 20th day of October, 1932, the defendant *wrongfully lapsed and cancelled said policy and certificate of insurance, and wrongfully wholly renounced and repudiated the contract contained in its said policy* and certificate of insurance hereinabove set out, and denied, and still denies, any and all liability thereunder." (Our italics.)

The motion to make more specific was on the ground that the allegation that the appellant "wrongfully lapsed and cancelled said certificate of insurance and wrongfully wholly renounced and repudiated the contract contained in its said policy and certificate of insurance herein set out" was a conclusion of the pleader and asked that the facts supporting such conclusion be set out. The demurrer was on the ground that the complaint failed to state sufficient facts to constitute a cause of action against the appellant.

The motion to make the complaint more specific was properly overruled. Even if the word "wrongful" might be said to be a conclusion, it is supported by the facts which were well pleaded. Further we can see no prejudice to the appellant by the ruling of the court inasmuch as the appellant raised the specific question by its second paragraph of answer. *Bush* v. *State ex rel. Wernecke* (1918), 187 Ind. 339, 345, 119 N. E. 417. The complaint alleged the contract, the assumption thereof

by the appellant and that the appellee's decedent had performed all of the conditions on her part to be performed. The cancellation and repudiation of the contract in the face of these facts was wrongful, and the use of the word "wrongful" in our opinion was supported by the facts pleaded. The demurrer to the complaint was properly overruled.

The ground of the demurrer addressed to the second and third paragraphs of reply was that these pleadings represented a departure from the theory of the complaint; that if the appellee was depending upon a *waiver* of conditions it should have been pleaded in the complaint and that the complaint was based upon a performance of all conditions by the appellee's decedent. We do not agree with this contention.

Burns' Indiana Statutes Annotated 1933, section 2-1039 (§149, Baldwin's 1934), is as follows:

> "In pleading the performance of a condition precedent in a contract, it shall be sufficient to allege generally that the party performed all the conditions on his part. If the allegation be denied the facts showing the performance must be proved on the trial."

This court as well as the Supreme Court of this state has held that on an action for a breach of an insurance contract where there is an allegation of performance, the plaintiff will be permitted to prove a waiver of performance.

> "Appellant earnestly contends that as no waiver was pleaded, and full performance was averred, a recovery can not stand on a proof of waiver of a condition precedent . . . The question here presented has been considered by various courts, and while the holdings are not entirely harmonious, we believe the greater weight of authority supports the proposition that under a declaration of performance, proof of waiver by defendant is competent and will be deemed as the equivalent of proof of perform-

ance." (Citing cases.) *Union Frat. League* v. *Sweeney* (1916), 184 Ind. 378, 381, 111 N. E. 305.

The Supreme Court in the same case cites with approval the case of *West Rockingham Mutual Fire Ins. Co.* v. *Sheets* (1875), 26 Grat. (Va.) 854, to the effect that "when the plaintiffs say in their declaration that they have on their part performed all the conditions of the policy of insurance and have violated none of its prohibitions, of course, they mean such as were not waived by the defendant. Such as were waived are, in effect, as if they had never been inserted in the contract." To the effect that a waiver of performance of a condition precedent may be proved under a general allegation of performance, see also *Globe Life Insurance Co.* v. *Miller* (1932), 94 Ind. App. 289, 180 N. E. 689; *American Benefit Life Ass'n.* v. *Hall* (1933), 96 Ind. App. 498, 185 N. E. 344. In the instant case the allegation of performance in the complaint was denied both by general denial and by an affirmative answer of non-payment of premiums when due. The replies were not a departure in pleading as they served to support the allegations of the complaint by expressly pleading the waiver of the condition set up in the answer. Without the affirmative answer, the waiver could have been proven under the answer in general denial. The court did not err in overruling the appellant's demurrer to the second and third paragraphs of reply.

The appellant cites in its brief and stresses the case of *Federal Life Insurance Co.* v. *Barnett, Admx.* (1919), 71 Ind. App. 613, 125 N. E. 522, on the proposition that the pleading of a waiver of performance by reply is a departure in pleading where the complaint alleged performance of all the terms and conditions of the contract by the plaintiff. In view of the later holdings by the Supreme Court and this court in the cases cited herein, we are of the opinion that the holding of this court in

the case of *Federal Life Insurance Co. v. Barnett, Admx., supra,* is superseded by the later opinions.

The last proposition advanced by the appellant is that the court erred in overruling the motion for new trial. Objection is made to the admission in evidence of certain exhibits introduced by the plaintiff to show the manner in which payments had been made to appellant's assignor in support of the allegations of the two affirmative paragraphs of reply. The letter written by appellant to appellee at the time of the assumption of the liability under the contract contained the following language: "You pay your premiums in the future as you have in the past, to the same collector or remit to the Home Office as has been your practice, . . ." In view of this language, in our opinion, the exhibits were proper to show how the premiums had been paid before. The objection to instructions was principally on the ground that those given and objected to submitted to the jury the question of waiver and estoppel. In view of our decision on the two paragraphs of reply these instructions were proper.

The last question presented was on the ground of the motion for new trial which asserted that the damages assessed by the jury were excessive. The same question is presented by two instructions, one given and the other refused. The theory of appellant is that the plaintiff would be entitled only to nominal damages. An instruction to this effect was refused. The appellee insists that the proper measure of damages was the present value of the policy on October 20, 1932, less the present value of the premiums the insured would have to pay during her lifetime as of the same date. The insured died before the trial of this cause below. In this case the decedent was seventy-six years old at the time of the cancellation of the policy. Her application for reinstatement was refused by the appellant, presum-

ably because she was non-insurable. The true rule therefore is as contended for by the appellee. The other question involved is with regard to the number of premiums to be deducted from the present value. Appellant contends that the premiums for 6.40 years should be deducted, that length of time being her life expectancy on October 20, 1932. Appellee insists that only the premiums for her actual length of life of two months and sixteen days should be deducted. The evidence as to decedent's expectancy of life in this case might have been valuable if the decedent had been alive at the time of the trial. At best it is only an estimate upon which calculations, of the sort here involved, are based for practical purposes. But in the instant case there was no necessity to resort to a theoretical term of life. Death had solved all uncertainty and the present value as of October 20, 1932, could be *accurately computed*. In our opinion the rule is that where in an action of this kind the insured dies before the trial, the time to be taken into consideration for computation of the value of premiums is not the expectancy of life of the insured as of the date of cancellation of the policy, but the actual time such insured lived thereafter. *Mutual Reserve Fund Life Ass'n.* v. *Ferrenbach* (1906), 144 Fed. 342; *Capital City Ben. Soc.* v. *Travers* (1925), 4 Fed. (2d) 290.

The other grounds of the motion for new trial are as to the sufficiency of the evidence to support the verdict. The verdict of the jury is amply supported by the evidence. After a review of all the instructions in the case we are of the opinion that the jury was properly instructed.

Finding no reversible error, the judgment of the Gibson Circuit Court is in all things affirmed.