## NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY v. RILEY.

[No. 16,520. Filed January 21, 1942.]

*Edmund L. Craig* and *William L. Craig,* both of Evansville (*G. Henry Tyne,* of Nashville, Tennessee, of counsel), for appellant.

*John H. Jennings,* of Evansville, for appellee.

CURTIS, J.—This is an action brought by Viola Isabel Riley of Clay, Kentucky, as plaintiff, against The National Life and Accident Insurance Company, as defendant, to recover certain sick benefits on an industrial policy of insurance issued by the appellant to the said Viola Isabel Riley. After the suit was brought, the plaintiff therein died and Guy Riley was duly appointed administrator of her estate; and he, as such administrator, was substituted as plaintiff. The issues were made upon the amended complaint in one paragraph and an answer in general denial addressed thereto.

The appellant states that there was a motion in the trial court by the defendant therein to require the plaintiff to state the theory of the amended complaint, and that this motion was overruled with an exception.

The cause was submitted to a jury for trial, which resulted in a verdict against the appellant in the sum of Six Hundred Dollars ($600) upon which verdict the court rendered judgment for that amount, together with six per cent (6%) interest thereon from May 18th, 1939, together with costs.

The appellant seasonably filed a motion for new trial, which was overruled; and this appeal followed. The errors assigned and relied upon for reversal are as follows:

"1. The court erred in overruling defendant's motion to require plaintiff to state the theory of his amended complaint.

"2. The court erred in allowing plaintiff to prove waiver of the conditions of the policies in suit, even though the plaintiff had expressly and specifically alleged performance of each condition of the policy in his amended complaint.

"3. The court erred in overruling appellant's motion for new trial.

"4. The court erred in allowing plaintiff to introduce evidence on two theories of his amended complaint."

The motion for new trial contained several causes or grounds, but the appellant says in its brief that it relies upon the following causes, to-wit:

"3. The court erred in refusing to give instruction numbered 9 requested by the defendant.

"4. The court erred in giving instruction numbered 1 requested by the plaintiff."

The appellant in its brief makes the following statement:

"Appellant is relying for reversal upon what is practically only two points: First, the failure of the trial court to require the plaintiff to elect as to the theory of his complaint, together with the refusal of the plaintiff to confine his proof to a single theory, and, second, the action of the court in allowing the plaintiff to prove waiver of the conditions precedent in the policy in suit, although he had specifically alleged performance of the several conditions. These two questions come up on the record in several different ways. The first question, on a motion to require plaintiff to elect as to the theory of his complaint, again on the introduction of the evidence, and again on the instructions to the jury. The second question arises on the evidence and again on the instruction to the jury."

In view of the fact that the main questions presented by the appellant revolve around the allegations of the amended complaint, we have deemed it advisable to set out herein the main features thereof, which we now quote:

"That on or about the 21st day of October, 1929, in consideration of the premiums therein provided for, the defendant issued and delivered, in the Commonwealth of Kentucky, to Viola Isabel Riley, who was then a resident of said Commonwealth of Kentucky, its contract of insurance numbered D 10,149,663, a copy of which is filed herewith,

marked 'Exhibit A,' and made a part hereof; that by the terms of said policy of insurance the defendant agreed, among other things, to pay to the said Viola Isabel Riley the sum of Six dollars ($6.00) per week for disability as a result of sickness or accident, in accordance with the terms of said policy of insurance, for a period of twenty-six (26) weeks during every year until the said Viola Isabel Riley had reached the age of sixty-nine (69) years and until the anniversary of said insurance policy after said Viola Isabel Riley's sixty-ninth (69) year of living, or to the time of her death if prior thereto.

"That thereafter the said Viola Isabel Riley duly paid all the premiums required by said policy of insurance to be paid and she and the plaintiff each separately and severally duly performed every condition under said policy of insurance to be performed.

"That on or about the 28th day of February, 1935, and when the said Viola Isabel Riley was approximately thirty-five (35) years of age, she became wholly permanently and totally disabled as a result of sickness and she was immediately thereafter necessarily and continuously confined to her bed and prevented from performing any work of any nature whatsoever, according to the terms of said policy of insurance, and a large part of said time she was actually confined to a hospital and a certificate of a licensed and practicing physician, who was and is satisfactory to the defendant, showing the nature of said illness was duly furnished to the defendant at the beginning of each week of illness thereafter; said illness has been continuous from said 28th day of February, 1935, until or about the 4th day of November, 1938, upon which date the said Viola Isabel Riley died; that the defendant recognized each and all of the said Viola Isabel Riley's claims for illness and duly paid each and all of said claims until or about the latter part of May, 1935, the exact date of which is unknown to the plaintiff, but which date is known to the defendant which date the defendant has refused to give to the plaintiff and upon said date the defendant refused to pay any further benefits,

refused to accept any further certificates showing the nature of the said Viola Isabel Riley's said sickness, refused to accept any further premiums upon said contract of insurance, advised the said Viola Isabel Riley it would be useless for her to tender or make any further payment of premiums, repudiated said contract of insurance, refused to be bound further by any of the terms of said contract of insurance, denied any and all liability thereon, advised the said Viola Isabel Riley that it would be useless to file any further proofs of loss or any further claims under said policy of insurance and because of said facts thereby wrongfully cancelled and repudiated said contract of insurance; that the said Viola Isabel Riley being at said time permanently and totally disabled, forever unfit to perform any work, she was entitled to receive from said insurance company benefits at the rate of six dollars ($6.00) per week, during the twenty-six (26) weeks of every year thereafter until her death and by reason thereof the plaintiff, as administrator of her estate, is entitled to receive the said sum of six dollars ($6.00) per week during each twenty-six (26) weeks of every year since the time that the said defendant failed and refused to pay further benefits, as above alleged, from on or about the latter part of May, 1935, to the said death of the said Viola Isabel Riley, on the 4th day of November, 1938, together with interest on each of said payments, all in the sum of one thousand dollars ($1,000.00) which is now due and unpaid and which said defendant has failed and refused to pay any part.

"Plaintiff further says that said policy of insurance contains the following provisions:

" 'No suit shall be brought nor action commenced against this company under this policy until sixty days after claim becomes due, nor after two years from the time the right of action shall accrue.'

"That said above quoted provision of said contract of insurance, limiting the time for filing suit therein, was and is invalid, void and of no effect, for at all times herein mentioned the common and unwritten law of the Commonwealth of Kentucky, as ruled, established and adjudicated by the high-

est judicial courts of that State held and hold that such a provision in an insurance policy that suit shall be brought within a period of less than fixed by the statute of limitations is void and against public policy."

A copy of the insurance policy relied upon by the appellee is made a part of the amended complaint as Exhibit A.

The motion of the defendant (appellant), if it really amounted to a motion, to require the plaintiff (appellee) to state the theory of the amended complaint was filed on the day of trial, May 17, 1939, after the issues had been closed and the cause stood ready for trial, but before any evidence had been introduced. That part of the said motion, which was in writing, omitting formal parts is as follows:

"The defendant, at the beginning of the trial of the above entitled cause, shows to the court that the amended complaint herein contains two theories of a cause of action. First, a suit to collect on the policy, which is made a part of the amended complaint, marked 'Exhibit A,' and

"Second, a suit for damages for breach of the contract contained in said above mentioned policy of insurance."

We now set out the appellee's said instruction number 1, given by the court:

"The court charges the jury that if you should find from a fair preponderance of all the evidence that the defendant, The National Life and Accident Insurance Company, after making payment to the insured, under said policy of insurance, of a number of weeks for claims for sickness, denied all liability on its policy of insurance and refused to supply her with any forms for filing proofs of sickness and advised her that it would not recognize any certificates or forms showing her sickness, if any, and that it would be useless for her to file any further proof; then in that event the court charges

you that you would be justified in finding that said defendant, The National Life and Accident Insurance Company, under such circumstances, had waived any right it might have had under said policy to complain of the fact that thereafter no further certificates or proof of sickness were filed or presented to said company as the law does not require the doing of a useless act."

We now quote said instruction number 9, tendered by the appellant and refused:

"You are instructed that the plaintiff in his amended complaint has alleged that the insured 'Viola Isabel Riley duly paid all the premiums required by said policy of insurance to be paid and she and the plaintiff each separately and severally duly performed every condition under said policy of insurance to be performed.' The defendant has filed an answer in general denial to said complaint, thus placing the burden upon the plaintiff to prove the material allegations of his amended complaint, and this he must do by a preponderance of the evidence, and if you find from the evidence that plaintiff has failed to so prove any one or more of the material allegations of his complaint your finding should be for the defendant.

"Among the material allegations of plaintiff's amended complaint which the burden was upon him to prove by a preponderance of the evidence were the following:

"First: 'That on or about the 20th day of February, 1935, and when the said Viola Isabel Riley was approximately thirty-five (35) years of age, she became wholly, permanently and totally disabled as a result of sickness.'

"Second: 'She was immediately thereafter necessarily and continuously confined to her bed.'

"Third: 'A certificate of a licensed and practicing physician showing the nature of said illness was duly furnished to the defendant at the beginning of each week of illness thereafter.'

"Fourth: 'The said Viola Isabel Riley duly paid all the premiums required by said policy of insurance to be paid and she and the plaintiff each sep-

arately and severally duly performed every condition under said policy of insurance to be performed.'

"Therefore, if you find from a fair preponderance of the evidence that the plaintiff has failed to prove any one or more of said allegations, then you are instructed that your verdict must be for the defendant."

The appellant tendered ten instructions all of which were given except said instruction numbered 9 above set out. In addition thereto, the appellee tendered four instructions which were given, and the court gave seven instructions of its own motion.

It should be noted here that the evidence has not been brought before this court.

From the general tenor and scope of the amended complaint, we think it is apparent that it proceeded upon the theory that the plaintiff therein was entitled to certain benefits under the policy of insurance and was not based upon any theory of damages for the repudiation of said policy of insurance by the appellant.

Assuming for the sake of the argument that the record bears out the contention of the appellant that it requested the trial court to compel the appellee to elect which of two alleged theories of the amended complaint the appellee relied upon (the appellee contending that no actual motion was made), it was properly overruled for the reason that it clearly appears, as heretofore stated, that the plaintiff therein was relying upon the provisions of the policy as to sick benefits to her and not upon any theory of damages for the alleged cancellation of the policy contract. The appellant in its brief says that in the opening statement made by the appellee's counsel, the following language was used:

"Members of the Jury, as the Court has heretofore told you several times, this is not an action to

recover damages for breach of policy of insurance, but to recover on installments of weekly sick benefits which the plaintiff says are due under the policy, and it is quite obvious that it is not based on a cancellation of the policy because if there were cancellation of the policy there could not be a claim at the same time that there were benefits due under the policy."

From the record before us, it is evident that the case was tried upon the theory announced by the appellee's counsel, which we have set out above, and we see no merit in the alleged error of the court in refusing to sustain the said alleged motion. Certainly the appellant was in no manner surprised.

Complaint is next made that the court erred in giving said instruction numbered 1, tendered by the appellee, and in refusing to give said instruction numbered 9, tendered by the appellant, which said two instructions have been heretofore set out in this opinion. The amended complaint distinctly and in no uncertain terms alleges facts which, if true, amounted to a waiver on the part of the appellant to require the appellee to make proof of certain policy requirements. We refer to some of said allegations as follows:

"The defendant refused to pay any further benefits; refused to accept any further certificates showing the nature of said Viola Isabel Riley's said sickness; refused to accept any further premiums on said contract of insurance; advised said Viola Isabel Riley it would be useless for her to tender or make any further payment of premiums; repudiated said contract of insurance; refused to be bound further by any of the terms of said contract of insurance; denied any and all liability thereon; advised the said Viola Isabel Riley that it would be useless to file any further proofs of loss or any further claims under said policy of insurance and because of said facts thereby wrongfully cancelled and repudiated said contract of insurance; that said Viola Isabel Riley being at said time permanently

and totally disabled and forever unfit to perform any work, she was entitled to receive from said insurance company benefits at the rate of $6.00 per week."

As previously pointed out, the evidence is not before us, but we are warranted in assuming that these allegations of the complaint were proven.

The appellant, however, says that "the court erred in allowing plaintiff to prove waiver of the conditions of the policy in suit, even though the plaintiff had expressly specifically alleged performance of each condition of the policy in his amended complaint," and further says, "that if it had not been for the question involved in this assignment of error, this appeal would never have been taken." In connection with this alleged error, the appellant also says that the decision of the Supreme Court of this State in the case of *Union Fraternal League* v. *Sweeney* (1916), 184 Ind. 378, 111 N. E. 305, has created such uncertainty as to the rule above indicated that said opinion should be clarified. We do not agree with this contention of the appellant. It is our opinion that the Sweeney case, above referred to, is not uncertain as to its meaning, and that this court is bound to follow it as we have done in numerous decisions since that case was decided.

We think that the amended complaint in the instant case does plead facts which, if true, would constitute a waiver, but even if a waiver had not been pleaded and a full performance of the conditions of the policy were alleged to have been performed, still, under the authority of the Sweeney case, a waiver could be shown. We quote from said case as follows: " 'In pleading the performance of a condition precedent in a contract, it shall be sufficient to allege, generally, that the party performed all the conditions on his part. If the allegations be denied, the facts showing a performance must be

proven at the trial.' The question here presented has been considered by various courts, and, while the holdings are not entirely harmonious, we believe the greater weight of authority supports the proposition that under a declaration of performance proof of waiver by defendant is competent and will be deemed as the equivalent of proof of performance." The court took a part of the above quotation from the statute. It then cites numerous cases throughout the country in support of that proposition. See also *Abraham Lincoln L. Ins. Co.* v. *Moore, Admr.* (1936), 102 Ind. App. 412, 417, 2 N. E. (2d) 223, wherein this court said: "This court as well as the Supreme Court of this State has held that on an action for breach of an insurance contract where there is an allegation of performance, the plaintiff will be permitted to prove a waiver of performance." See also *American Benefit Life Association* v. *Hall* (1933), 96 Ind. App. 498, 185 N. E. 344, and *Globe Life Ins. Co.* v. *Miller* (1932), 94 Ind. App. 289, 180 N. E. 689. We, therefore, think that said instruction numbered 1, complained of by the appellant, was a proper instruction under the issues, and we also think that clause numbered 4 of said instruction numbered 9, tendered by the appellant, was misleading, and that the court was correct in refusing to give said instruction. Under the pleadings, the appellee was only required to prove such allegations of her complaint as would entitle her to recover. She was not required to prove that she had performed such policy requirements as had been waived by the appellant. The law does not require the doing of a useless thing; and therefore, the appellee was excused from making any showing that she performed conditions that were waived by the appellant.

"The principle is old and thoroughly established that when a party repudiates a contract and denies liability

under it, the performance of conditions precedent, such as notice, demand, tender, and the like, are waived on the ground that the law will not require a thing to be done which the party entitled has excused, or given notice that it will be unavailing." *Ohio Farmers Ins. Co.* v. *Vogel* (1906), 166 Ind. 239, 243, 76 N. E. 977. See also *Nat. Fire Ins. Co.* v. *Crooker* (1926), 84 Ind. App. 643, 151 N. E. 734.

The appellant has failed to present any reversible error. The judgment is, therefore, affirmed.

NOTE.—Reported in 38 N. E. (2d) 855.