ERNESTO ARZOLA MALDONADO, Plaintiff and Appellant, *v.* SAVINGS AND LOAN FUND ASSOCIATION OF THE IÑSULAR GOVERNMENT OF PUERTO RICO, Defendant and Appellee.

No. 10375.   Argued April 1, 1951.—Decided April 19, 1951.

*Angel M. Villamil* and *Pedro Juan Alcalá* for appellant.   *Ernesto Ramos Antonini* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

In 1937 Ernesto Arzola Maldonado, an insular policeman, became a member of the Savings and Loan Fund Association of the Employees of the Insular Government of Puerto Rico. He applied for death or physical disability insurance of the second class, as provided by § 20 of Act No. 52, Laws of Puerto Rico, 1921, as amended by Act No. 150, Laws of Puerto Rico, 1937.   The corresponding amounts for that insurance were discounted every month from his pay as provided by § 20.

On December 26, 1942, while he was engaged in the performance of his duties as a policeman, he received a bullet wound.   Thereafter he was examined by the physician of the Insular Police, who determined that he was physically incapacitated from continuing to perform the duties of a policeman.   Accordingly, the Police Commission separated him from his job for physical incapacity.

In May, 1943 the Administrator of the State Fund, pursuant to a report of its physician, found that the bullet wound had produced a 20 per cent permanent partial incapacity. Arzola Maldonado appealed to the Industrial Commission, which found that he had a permanent partial incapacity consisting of the loss of 35 per cent of the functions of the right leg, around or above the knee, for which he was compensated pursuant to law.

On June 30, 1943 Arzola Maldonado requested payment from the Savings and Loan Fund Association for physical disability pursuant to § 20, which had been amended by Act No. 189, Laws of Puerto Rico, 1942. The physician of the Association arrived at the conclusion that the edema from which Arzola Maldonado was suffering was temporary in character and would disappear after collateral circulation was established. He therefore reported that it was not physically impossible for Arzola Maldonado to perform the duties of his position. In view of this report, the Association denied the application.

Arzola Maldonado sued the Association in the district court for payment of his disability insurance. After a trial on the merits, the lower court entered judgment for the defendant. It refused to consider the testimony of the other physicians as to the nature of the plaintiff's disability, basing its judgment solely on the certificate of the physician of the Association. The district court held that the said report was binding on it in view of the provisions in § 20 that (a) when a request for payment because of physical disability is made, the physician of the Association shall examine the applicant and certify his physical condition, and that (b) on the issue of total and permanent disability, "the board or the court, as the case may be, shall not admit any other proof than that herein specifically provided."

On appeal, the plaintiff assigns as errors the holdings of the lower court (1) that it could not consider the testimony adduced by the plaintiff to prove his physical disability, and

(2) that the sums discounted from the salaries of public employees for disability insurance are public funds which can be disposed of by the Legislature as it chooses. We think it appropriate to discuss these two errors together.

After citing §§ 1 and 25 of Act No. 52, as amended by Act No. 150 of 1937, the lower court concluded that the discounts for physical disability contemplated by § 20 are compulsory in character and therefore constitute public funds. The district court relied on *Buscaglia, Treas.* v. *Tax Court, Antonio Riera, Intervener,* 67 P.R.R. 532, 542 *et seq.* in support of this conclusion. The lower court misread our opinion in the *Riera* case. We held there (1) that despite the compulsory character thereof, the sums represented by the 3 per cent deductions under Act No. 52 for the Savings and Loan Fund Association are not public funds subject to arbitrary disposition by the Legislature, and (2) that the public employees had certain vested rights therein.

The *Riera* case is not squarely in point, as the instant case involves deductions under Act No. 52 for disability insurance rather than the fixed 3 per cent deductions for loan and savings purposes. *Cf. Buscaglia, Treas.* v. *Tax Court, Antonio Riera, Intervener, supra,* p. 534. But even if we assume that the disability insurance provisions are voluntary and that sums discounted therefor are not public funds, we cannot conclude that the judgment in this case was incorrect.

The cases relied on by the plaintiff are not in point. They involve either clauses in private contracts between an insurance company and an assured where the legislation is silent on such clauses, or state constitutional provisions which are not contained in our Organic Act. See *Meyer* v. *Board of Trustees of F. Pension & R. Fund,* 6 S. 2d 713 (La., 1942); *American Ben Life Ass'n* v. *Hall,* 185 N. E. 344 (Ind., 1933); *Penquite* v. *Dunn,* 256 P. 130 (Kans., 1927); *Bishop* v. *Brotherhood of Locomotive Firemen, etc.,* 171 N. W. 528 (Mich. 1919); Note, 21 L.R.A. (N. S.) 583. *Cf. Board of*

*Trustees* v. *McCrory*, 116 S. W. 326 (Ky., 1909) ; 6 Williston on Contracts, § 1723, pp. 4864–68.

We need not decide if we would follow the cases involving private insurance contracts in an appropriate case. This is not a case involving a clause in a contract between private parties as to which our statutes are silent. Under those circumstances perhaps we would be free to determine that public policy is violated by a clause in the contract like that found in § 20. But here we have a specific expression by the Legislature itself in § 20 as to the controlling public policy on this matter. And although the discounts may be voluntary and the public employees may have certain vested rights therein, these funds are in the custody of "a public institution". Section 1 of Act No. 52, as amended. The plaintiff voluntarily joined the disability insurance system of the Association when the language in controversy was already embodied in § 20. Under these circumstances, we fail to see on what basis we are authorized to set aside the public policy established by the Legislature in § 20 as a condition precedent for the disbursement of these funds and to establish in its place a contrary public policy by judicial fiat.

We agree with the lower court that it was compelled to decide the case in accordance with the requirements of § 20. Under that Section the report of the physician of the Association is the only evidence which can be considered on the issue of physical disability. Since his report was adverse to the plaintiff, the lower court did not err in entering judgment for the Association.

The judgment of the district court will be affirmed.