ERNESTO ARZOLA MALDONADO, demandante y apelante, *v.* ASOCIACIÓN, FONDO DE AHORRO Y PRÉSTAMO DE LOS EMPLEADOS DEL GOBIERNO INSULAR DE PUERTO RICO, demandada y apelada.

Núm. 10375.—*Sometido:* Abril 1, 1951. *Resuelto:* Abril 19, 1951.

*Ángel M. Villamil* y *Pedro Juan Alcalá,* abogados del apelante; *Ernesto Ramos Antonini,* abogado de la apelada.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

En 1937 Ernesto Arzola Maldonado, miembro de la Policía Insular, ingresó en la Asociación, Fondo de Ahorro y Préstamo de los Empleados del Gobierno Insular de Puerto Rico. Solicitó póliza de seguro de segunda categoría por muerte e incapacidad física, a tenor con la sección 20 de la Ley núm. 52, Leyes de Puerto Rico, 1921 (pág. 373), según fué enmendada por la Ley núm. 150, Leyes de Puerto Rico, 1937 (Leyes de 1936–37, pág. 399). De conformidad con dicha sección 20, todos los meses se le descontó a Arzola de su sueldo la correspondiente cuota para el seguro.

El 26 de diciembre de 1942, mientras desempeñaba sus deberes como policía, Arzola recibió una herida de bala. Luego fué examinado por el médico de la Policía Insular, quien determinó que estaba físicamente incapacitado para continuar desempeñando sus deberes como policía. En virtud del dictamen médico, la Comisión de la Policía lo separó de su cargo por incapacidad física.

En mayo de 1943 el Administrador del Fondo del Seguro del Estado, de conformidad con un informe de su médico, resolvió que la herida de bala le había producido a Arzola una incapacidad parcial permanente de un 20 por ciento. Apeló Arzola para ante la Comisión Industrial, la cual resolvió que éste tenía una incapacidad parcial permanente consistente en la pérdida del 35 por ciento de las funciones de su pierna derecha, cerca de la rodilla o más arriba de ésta, por la cual le concedió una compensación de acuerdo con la ley.

El 30 de junio de 1943 Arzola solicitó de la Asociación de Empleados el pago de su póliza por incapacidad física, a tenor con la sección 20, que había sido enmendada por la Ley núm. 189, Leyes de Puerto Rico, 1942 ((1) pág. 963). El médico de la Asociación llegó a la conclusión de que el edema que Arzola padecía era de carácter provisional y desaparecería cuando se estableciera una circulación

colateral. Por consiguiente rindió su informe al efecto de que no era físicamente imposible para Arzola desempeñar los deberes de su cargo. En vista de este informe, la Asociación de Empleados denegó su solicitud.

Arzola demandó a la Asociación ante el tribunal de distrito solicitando el pago de su seguro por incapacidad. Después de celebrarse el juicio en los méritos, la corte inferior dictó sentencia a favor de la demandada. Rehusó la corte considerar los testimonios de los otros médicos en cuanto a la naturaleza de la incapacidad del demandante, basando su sentencia únicamente en la certificación del médico de la Asociación. La corte de distrito resolvió que estaba obligada por dicho informe en vista de las disposiciones de la sección 20 al efecto de que (a) cuando se hace una solicitud de pago por incapacidad física, el médico de la Asociación examinará al interesado y certificará en cuanto a su condición física, y de que (b) en cuanto a la cuestión de incapacidad total y permanente, "no debiéndose admitir por la junta o los tribunales en su caso, ninguna otra prueba que la específicamente provista por esta Ley."

En apelación, el demandante señala como errores el haber decidido la corte inferior (1) que no estaba facultada por la ley para admitir y considerar la prueba presentada por el demandante para probar su inutilidad física, y (2) que los descuentos para el seguro que de sus sueldos se hacen a los empleados constituyen fondos públicos de los cuales la Legislatura puede disponer a su antojo. Creemos conveniente discutir estos dos errores conjuntamente.

Después de citar las secciones 1 y 25 de la Ley núm. 52, según fué enmendada por la Ley núm. 150 de 1937, la corte inferior llegó a la conclusión de que los descuentos para el seguro contemplados por la sección 20 son de carácter compulsorio y en consecuencia constituyen fondos públicos. La corte de distrito citó en apoyo de esta conclusión el caso de *Buscaglia, Tes.* v. *Tribl. de Contribuciones, Antonio Riera, Interventor*, 67 D.P.R. 568, 578 *et seq.* La corte de distrito

interpretó erróneamente nuestra opinión en el caso de *Riera*. En él resolvimos (1) que no obstante el carácter compulsorio de las mismas, las cantidades provenientes de las deducciones del 3 por ciento bajo la Ley núm. 52 para la Asociación, Fondo de Ahorro y Préstamos, no son fondos públicos sujetos a la disposición arbitraria de la Legislatura, y (2) que los empleados públicos tenían ciertos derechos adquiridos sobre las mismas.

El caso de *Riera* no es enteramente aplicable al presente, ya que en éste se trata de deducciones hechas bajo la Ley núm. 52 para el seguro por incapacidad o muerte más bien que las deducciones fijas del 3 por ciento para fines de ahorro y préstamo. *Cf. Buscaglia, Tes. v. Tribl. de Contribuciones, Antonio Riera, Interventor*, supra, pág. 570. Pero aun suponiendo que las disposiciones sobre el seguro por incapacidad fueran voluntarias y que las sumas descontadas para ello no fueran fondos públicos, no podemos llegar a la conclusión de que la sentencia en este caso es incorrecta.

Los casos en que descansa el demandante no son de aplicación. En ellos se trata bien de cláusulas en contratos privados entre una compañía de seguros y un asegurado sobre las cuales las leyes guardan silencio, o bien de disposiciones constitucionales estatales que no se encuentran en nuestra Carta Orgánica. Véanse *Meyer v. Board of Trustees of F. Pension & R. Fund*, 6 S.2d 713 (La., 1942); *American Ben. Life Ass'n v. Hall*, 185 N.E. 344 (Ind., 1933); *Penquite v. Dunn*, 256 P. 130 (Kans., 1927); *Bishop v. Brotherhood of Locomotive Firemen*, etc., 171 N.W. 528 (Mich., 1919); Nota, 21 L.R.A. (N.S.) 583. *Cf. Board of Trustees v. McCrory*, 116 S.W. 326 (Ky., 1909); 6 Williston *on Contracts*, sección 1723, págs. 4864–68.

Es innecesario resolver si en el caso adecuado seguiríamos los casos que tratan de contratos privados de seguro. El presente no es un caso que envuelve una cláusula de un contrato entre partes privadas con respecto a la cual nuestras leyes nada dicen. Bajo dichas circunstancias quizás

estaríamos en libertad de determinar que la política pública se infringe con una cláusula en un contrato como la que se encuentra en la sección 20. Pero aquí tenemos una expresión específica de la propia Legislatura en la sección 20, sobre la política pública que gobierna este asunto. Y aun cuando los descuentos puedan ser voluntarios y los empleados públicos puedan tener ciertos derechos adquiridos en los mismos, estos fondos están bajo la custodia de "una institución pública". Sección 1 de la Ley núm. 52, según ha sido enmendada. El demandante voluntariamente se acogió al sistema de seguro por incapacidad física de la Asociación cuando el lenguaje en controversia ya se hallaba en la sección 20. Bajo estas circunstancias, no podemos ver sobre qué base podemos dejar sin efecto la política pública establecida por la Legislatura en la sección 20 como condición precedente al desembolso de estos fondos y establecer en su lugar por fíat judicial una política pública contraria.

Convenimos con la corte inferior en que estaba obligada a decidir el caso de acuerdo con los requisitos de la sección 20. Bajo la misma el informe del médico de la Asociación es la única evidencia que puede considerarse sobre la cuestión de incapacidad física. Toda vez que este informe fué adverso al demandante, la corte inferior no cometió error al dictar sentencia a favor de la Asociación.

*La sentencia de la corte de distrito será confirmada.*